## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA KOUTNY, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:06CV00598 |
| CARLA J. MARTIN, | ) |
| Defendant. | ) |

**MOTION TO STAY THE PROCEEDING, OR, IN THE ALTERNATIVE,
TO EXTEND THE TIME TO FILE A RESPONSIVE PLEADING
AND RESPOND TO DISCOVERY REQUESTS
AND MEMORANDUM IN SUPPORT**

Defendant Carla J. Martin ("Defendant" or "Martin"), through undersigned counsel, respectfully moves this Court for an order to stay this proceeding, or, in the alternative, to extend the time for Defendant to file a responsive pleading to the Complaint, and extend the time to respond to Plaintiff's discovery requests.[1] In support of this motion, Defendant states:

1. Beginning on March 13, 2006 and continuing through today, Defendant's actions concerning certain witnesses in the *United States v. Moussaoui* trial have been the subject of much public scrutiny and debate.

2. On March 14, 2006, Defendant was informed by Judge Leonie M. Brinkema, U.S. District Judge for the Eastern District of Virginia, that she may be called as a witness in an evidentiary hearing as part of the *Moussaoui* trial, and that she may face civil and/or criminal liability for her actions.

---

[1] Pursuant to Local Rule 7(m), counsel for Defendant contacted counsel for Plaintiff on the morning of May 2, 2006, to request consent to this motion. As of the time of filing, counsel for Plaintiff had not advised counsel for Defendant whether consent was given.

3. On or about March 23, 2006, undersigned counsel was advised that the Department of Justice ("DOJ") had initiated an investigation into the actions and conduct of government employees during the *Moussaoui* trial. Undersigned counsel was further advised that U.S. Attorney's Office for the Eastern District of Pennsylvania was handling the investigation.

4. Since initiation of the investigation by DOJ, Defendant has provided documents to the government to further its investigation. In addition, at the suggestion of her counsel, Defendant has met with government officials conducting the investigation to provide additional information and respond to questions. Undersigned counsel is scheduled to meet with the government next week, and the government may request additional, future meetings with Defendant.

5. At the risk and expense of her reputation, Defendant has not publicly responded to allegations concerning her conduct during the *Moussaoui* trial, choosing instead to allow the government sufficient time to conduct a fair and thorough investigation.

6. On April 12, 2006, Defendant was served with a copy of the Complaint filed in this proceeding, and was served with discovery requests.

7. The Complaint alleges that Defendant violated Plaintiff's constitutional rights by "frustrating the underlying wrongful death litigation [against the airlines] and harming or depriving plaintiff of her right to a full and/or fair trial." Complaint, ¶ 30. The Complaint contains a number of broad, unsupported allegations, but it appears that plaintiff's allegations principally revolve around actions taken by Defendant with respect to two distinct issues: (1) Defendant's role and involvement in classifying material as Sensitive Security Information ("SSI") and/or otherwise restricting access to government documents requested by Plaintiff for use in his

wrongful death lawsuit against the airline carriers; and (2) Defendant's role and involvement in preparation of witnesses and evidence in the *Moussaoui* trial, pending in the Eastern District of Virginia.

8. The allegations in the Complaint concerning Defendant's conduct in connection with the *Moussaoui* trial are central to the pending DOJ investigation. In addition, the allegations in the Complaint concerning the classification of certain material as SSI and the restriction of access to government documents requested by Plaintiff relate directly to Defendant's and other government employees' interpretation and application of governing regulations, including 49 C.F.R. Part 1520.

9. Undersigned counsel has informed the government officials conducting the DOJ investigation of the Complaint. In addition, undersigned counsel has informed the appropriate Transportation Security Administration ("TSA") official of the Complaint, and, pursuant to 28 C.F.R. § 50.15, has requested representation of Defendant by DOJ attorneys, or, in the alternative, reimbursement of legal expenses incurred by Defendant in retaining private counsel to defend this lawsuit.

10. The Court has discretion to stay a civil action pending completion or declination of the DOJ investigation. *See, e.g., Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936); *Horn v. District of Columbia,* 210 F.R.D. 13 (D.D.C. 2002). The determination of whether to stay an action should be made on a "case-by-case basis." *Horn,* 210 F.R.D. 13 (*quoting St. Paul Fire and Marine Ins. Co. v. United States,* 24 Cl. Ct. 513, 515 (1991).

11. A stay is appropriate in this case. The Complaint is based, in pertinent part, on allegations about Defendant's conduct during the *Moussaoui* trial, which is both related and substantially similar to the facts and circumstances currently under investigation by DOJ.

Defendant deserves first an opportunity to respond to questions and allegations surrounding her conduct in the *Moussaoui* trial in a fair and private forum (*i.e.,* within the confines of the DOJ investigation). The media, public, and even Plaintiff have made assumptions about Defendant and her conduct based on incomplete and often erroneous facts. The DOJ investigation provides an opportunity for the full and complete story to be presented to all. At this time, this civil proceeding does not provide such an opportunity. Indeed, any statements or responses made by Defendant in this public would be subject to scrutiny by the media and the public, thus requiring Defendant to defend this litigation, but also to defend each action, statement, and filing in the media.[2] Forcing Defendant to file a responsive pleading and engage in discovery while also expending her energy, resources, and efforts in the investigation would be grossly unfair and present a severe hardship. Plaintiff's discovery requests are in any event premature under the Rules. See Fed. R. Civ. P. 26(d), (f).

12.     A stay is appropriate for the additional and independent reason that the federal government should be permitted sufficient time to determine whether to intervene in this case. Even if the government declines to provide representation for Defendant pursuant to 28 C.F.R. § 50.15, the government may still wish to intervene to protect its interests in this case. First, the government has an interest in ensuring a full and fair investigation of the facts and circumstances surrounding the *Moussaoui* trial. At this time, public filings concerning those facts and circumstances may compromise the investigation. Second, a number of allegations in the Complaint attack the application and interpretation of government regulations concerning SSI and who is entitled to access government documents. The government has an interest in responding

---

[2] We note that Plaintiff has acknowledged the public nature of this case, omitting her address on the Complaint in an apparent attempt to protect her privacy. We note further that Plaintiff did not offer Defendant similar protection, instead publishing her address (including apartment number) on the Complaint.

to those allegations to ensure uniformity of application and interpretation by all government employees.

WHEREFORE, Defendant Carla J. Martin respectfully requests that the Court stay this proceeding pending completion of the DOJ investigation, or, in the alternative, that the Court extend the time for Defendant to file a responsive pleading to the Complaint and respond to discovery to permit the Department of Justice sufficient time to respond to Defendant's request for representation and/or determine whether to intervene in this case.

DATED this 2nd day of May, 2006.

Respectfully submitted,

 /s/ Roscoe C. Howard, Jr.
Roscoe C. Howard, Jr. (DC Bar No. 246470)
Stuart F. Pierson (DC Bar No. 56820)
Mark E. Nagle (DC Bar No. 416364)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, DC 20004-2134
Tel: (202) 274-2950
Fax: (202) 654-5665
roscoe.howard@troutmansanders.com
stuart.pierson@troutmansanders.com
mark.nagle@troutmansanders.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 2nd day of May 2006, a copy of the above and foregoing Motion was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

                                                                           /s/ Jennifer A. Kerkhoff
                                                                           Jennifer A. Kerkhoff