**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARIA KOUTNY,

Plaintiff,

v.

CARLA J. MARTIN,

Defendant.

Master Case No.: 1:06CV00598-RWR

THIS DOCUMENT RELATES TO:

EILEEN BERTORELLI-ZANGRILLO,

Plaintiff,

v.

CARLA J. MARTIN,

Defendant.

RUTH FALKENBERG,

Plaintiff,

v.

CARLA J. MARTIN,

Defendant.

MARY BAVIS,

Plaintiff,

v.

CARLA J. MARTIN,

Defendant.

ELIZABETH GAIL HAYDEN,

Plaintiff,

v.

CARLA J. MARTIN,

Defendant.

MICHAEL KEATING,

Plaintiff,

v.

CARLA J. MARTIN,

Defendant.

**MOTION TO STAY THE PROCEEDING, OR, IN THE ALTERNATIVE, TO EXTEND THE TIME TO FILE A RESPONSIVE PLEADING AND MEMORANDUM IN SUPPORT**

Defendant Carla J. Martin ("Defendant" or "Martin"), through undersigned counsel, respectfully moves this Court for an order to stay these proceedings for an initial period of five months to allow for the completion and resolution of the Department of Justice Investigation, or,

in the alternative, to extend the time for Defendant to file a response to the Complaints.[1] On May 2, 2006, Defendant requested a stay in response to two previous complaints filed on March 31, 2006. The two previous complaints are substantially similar to the five most recent complaints that are the subject of this motion, and all seven Plaintiffs are represented by the same counsel. As such, on July 28, 2006, this Court issued an order consolidating the cases. In support of this motion, Defendant incorporates by reference her prior request for a stay and supplements that motion as follows:

1. Beginning on March 13, 2006 and continuing through today, Defendant's actions concerning certain witnesses in the *United States v. Moussaoui* trial have been the subject of much public scrutiny and debate.

2. On March 14, 2006, Defendant was informed by Judge Leonie M. Brinkema, U.S. District Judge for the Eastern District of Virginia, that she may be called as a witness in an evidentiary hearing as part of the *Moussaoui* trial, and that she may face civil and/or criminal liability for her actions.

3. On or about March 23, 2006, undersigned counsel was advised that the Department of Justice ("DOJ") had initiated an investigation into Ms. Martin's actions and conduct, as well as the actions and conduct of other government employees during the *Moussaoui* trial. Undersigned counsel was further advised that U.S. Attorney's Office for the Eastern District of Pennsylvania was handling the investigation.

4. Since initiation of the investigation by DOJ, Defendant has provided documents to the government to further its investigation. In addition, at the suggestion of her counsel, Defendant has met with government officials conducting the investigation to provide additional

[1] Pursuant to Local Rule 7(m), counsel for Defendant contacted counsel for the Plaintiffs on August 17, 2006, to

information and respond to questions. The government may request additional, future meetings with Defendant.

5. At the risk and expense of her reputation, Defendant has not publicly responded to allegations concerning her conduct during the *Moussaoui* trial, choosing instead to allow the government sufficient time to conduct a fair and thorough investigation.

6. On August 14, 2006, Defendant was sent a copy of the Complaints filed in these proceedings with a request that she consent to waiver of service of the summons; Defendant has agreed to consent to the waiver of service of the summons.[2]

7. The Complaints allege that Defendant violated Plaintiffs' constitutional rights by "frustrating the underlying wrongful death litigation [against the airlines] and harming or depriving plaintiffs of [their] right to a full and/or fair trial." Complaints at ¶ 30. The Complaints contain a number of broad, unsupported allegations, but it appears that Plaintiffs' allegations principally revolve around actions taken by Defendant with respect to two distinct issues: (1) Defendant's role and involvement in classifying material as Sensitive Security Information ("SSI") and/or otherwise restricting access to government documents requested by Plaintiffs for use in their wrongful death lawsuits against the airline carriers; and (2) Defendant's role and involvement in preparation of witnesses and evidence in the *Moussaoui* trial, pending in the Eastern District of Virginia.

8. Undersigned counsel has informed the government officials conducting the DOJ investigation of the Complaints. In addition, undersigned counsel has informed the appropriate Transportation Security Administration ("TSA") official of the Complaints, and, pursuant to 28

---

request consent to this motion, Plaintiffs' counsel declined to offer such consent.

C.F.R. § 50.15, has requested representation of Defendant by DOJ attorneys, or, in the alternative, reimbursement of legal expenses incurred by Defendant in retaining private counsel to defend these lawsuits.

9. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The determination of whether to stay an action should be made on a "case-by-case basis." *Horn v. District of Columbia,* 210 F.R.D. 13 (D.D.C. 2002), (*quoting St. Paul Fire and Marine Ins. Co. v. United States,* 24 Cl. Ct. 513, 515 (1991).

10. In exercising its discretion to grant a stay of a civil action pending the completion of a criminal investigation, this court has articulated a three part standard to guide its consideration. Pursuant to this standard, moving parties are required to "(1) make a clear showing, by direct or indirect proof, that the issues in the civil action are 'related' as well as 'substantially similar' to the issues in the criminal investigation; (2) . . . make a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending; and (3) . . . establish that the duration of the requested stay is not immoderate or unreasonable." *Horn,* 210 F.R.D. at 15 (*quoting St. Paul Fire and Marine Ins. Co. v. United States,* 24 Cl. Ct. 513, 515 (1991).

11. A stay is appropriate in these cases. The Complaints are based, in pertinent part, on allegations about Defendant's conduct during the *Moussaoui* trial, which is both related and substantially similar to the facts and circumstances currently under investigation by DOJ. The

[2] The Defendant has consented to waiver of the service of summons in these cases, on the grounds that she reserves all defenses available to her, including those enumerated in Rule 12 of the Federal Rules of Civil Procedure and immunity.

allegations in the Complaints concerning Defendant's conduct in connection with the *Moussaoui* trial are central to the pending DOJ investigation. In addition, the allegations in the Complaints concerning the classification of certain material as SSI and the restriction of access to government documents requested by Plaintiffs relate directly to Defendant's and other government employees' interpretation and application of governing regulations, including 49 C.F.R. Part 1520.

12. That the DOJ investigation is being undertaken by the U.S. Attorney's Office in Pennsylvania in no way diminishes the nexus between the ongoing DOJ investigation and the allegations contained in the civil Complaints. Plaintiffs' suggestion that the location of the investigation relates solely to Defendant's bar admission is pure fiction. (May 5, 2006 Opposition at ¶ 7.) Given that the Eastern District of Virginia U.S. Attorney's Office conducted the *Moussaoui* prosecution, it would be impossible and impractical for that Office to conduct an objective and detached investigation into Defendant's conduct during the *Moussaoui* trial and, in effect, investigate itself.

13. Defendant deserves first an opportunity to respond to questions and allegations surrounding her conduct in the *Moussaoui* trial in a fair and private forum (*i.e.,* within the confines of the DOJ investigation). The media, public, and even Plaintiffs have made assumptions about Defendant and her conduct based on incomplete and often erroneous facts. The DOJ investigation provides an opportunity for the full and complete story to be presented to all. At this time, this civil proceeding does not provide such an opportunity. Indeed, any statements or responses made by Defendant in this public forum would be subject to scrutiny by the media and the public, thus requiring Defendant to defend this litigation, but also to defend each action, statement, and filing in the media. Forcing Defendant to file a responsive pleading while also

expending her energy, resources, and efforts in the investigation would be grossly unfair and present a severe hardship.

14. Plaintiffs insist that potential prejudice to Defendant is "remote" because she has not been indicted. Plaintiffs' further state that Defendant "may have nothing to fear from the DOJ investigation." (Opposition at ¶ 21). While the absence of an indictment can factor against granting a stay, it is by no means dispositive to this court's analysis. *White v. Mapco Gas Products*, 116 F.R.D. 498, 502 n.4 (E.D. Ark. 1987). *Brock v. Tolkow*, 109 F.R.D. 116, 120 n.2 (E.D.N.Y. 1985); *Walsh Sec. v. Cristo Prop. Mgmt*., 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (It is "still possible" to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation.); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2nd Cir. 1986)("district court exercised sound discretion in staying the trial until the U.S. Attorney declined to prosecute, and in proceeding with the trial thereafter").

15. Contrary to Plaintiffs' unsupported assertions, Defendant has every reason to be concerned about the DOJ investigation because Ms. Martin's conduct is a ***focus*** of that investigation and is not a tangential aspect of a wider and broadly sweeping government investigation. Likewise, Judge Brinkema's comments from the bench make clear that Defendant has every reason to be concerned about facing criminal charges. Thus, the present situation is distinguishable from other pre-indictment cases wherein the proponents of requested stays could not be sure whether or not they were particularized targets of government investigations. In particular, Plaintiffs' reliance on *SIPA Liquidation Govt. Sec. Corp.*, 81 B.R. 692 (Bankr. D. Fla. 1987), is misplaced, as that case is factually distinguishable from the present situation. (Opposition at 19.) In *SIPA Liquidation,* the court declined to issue a stay based, in part, on the

defendant's failure to show that "Federal Bureau of Investigation or any other government agency actually has launched a criminal investigation into the defendants' activities." *Id*. at 694. In the present case, Defendant has been advised by counsel for the Department of Justice that she is a subject in an continuing criminal investigation.

16. A stay is appropriate for the additional and independent reason that the federal government should be permitted sufficient time to determine whether to intervene in these cases. Even if the government declines to provide representation for Defendant pursuant to 28 C.F.R. § 50.15, the government may still wish to intervene to protect its interests in these cases. First, the government has an interest in ensuring a full and fair investigation of the facts and circumstances surrounding the *Moussaoui* trial. At this time, public filings concerning those facts and circumstances may compromise the investigation. Second, a number of allegations in the Complaints attack the application and interpretation of government regulations concerning SSI and who is entitled to access government documents. The government has an interest in responding to those allegations to ensure uniformity of application and interpretation by all government employees.

17. In light of these circumstances, the length of the requested stay in this case is both appropriate and reasonable in order to protect Defendant's interests as well as preserving the integrity of the DOJ investigation. However, as Defendant has no control over the duration of the DOJ investigation, Defendant reserves the right to seek a subsequent stay should the DOJ's investigation continue for a period in excess of five months.

18. Plaintiffs' reliance on Rule 24 of the Federal Rules of Civil Procedure appears to be based on an unduly broad understanding of its relevance to this case. The United States Department of Justice will be called upon to make certain determinations in this case that do not

require it to be a party. (Opposition at ¶ 22.) That is a function of the fact that, in their Complaints, Plaintiffs fail to cite a single Constitutional provision that has been violated by Ms. Martin's actions. Rather, the Complaints only involve common law claims. Ms. Martin is entitled to seek a certification from the Attorney General or his designee that she was acting within the scope of her employment "at the time of the incident out of which the claim arose." 28 U.S.C. §2679 (d)(1). It may fairly be expected that such a certification would not be issued while the investigation is ongoing. Ms. Martin may, in the event that the Attorney General refuses to certify, seek such a certification from the Court. 28 U.S.C. §2679(d)(3). The certification effects the substitution of the United States as the defendant in place of Ms. Martin. Thereafter, all provisions of the Federal Tort Claims Act, 28 U.S.C. §2671, become applicable, including the requirement of exhaustion of administrative remedies and the limitations on the types of claims that may be maintained. 28 U.S.C. §2679(d)(4). Thus, the certification is dispositive to this case. The granting of a stay is appropriate in order to permit the issuance of such a certification, by the Attorney General or the Court, at a time subsequent to the conclusion of the investigation.[3]

19. Granting the requested stay would also assist in the goal of judicial economy by allowing both parties to more narrowly focus discovery and avoid discovery-related litigation. *Estate of Gaither v. D.C.*, 2005 U.S. Dist. LEXIS 35426 (D.D.C. December 2, 2005). Indeed, narrowing the scope of possible discovery is in the interest of Plaintiffs and Defendant. *Barry Farm Resident Council v. United States Dept. of the Navy*, 1998 U.S. Dist. LEXIS 2754, 3*4 (D.D.C. Feb. 14, 1997).

[3] Even if the investigation concludes, contrary to the evidence, that Ms. Martin engaged in some form of wrongful conduct, a certification as to scope would not be precluded. The question is not whether the employee's conduct is proper in all respects under the law, but rather whether the acts or omissions alleged against her fall within the outer perimeter of her duties as a federal employee.

20. The granting of a limited stay poses no significant burden or hardship on Plaintiffs. The consideration of other parties' interest is given more weight when the claim being stayed involves a continuing infringement of constitutional rights. *Founding Church of Scientology, Inc. v. Director, F.B.I.*, 1979 U.S. Dist. LEXIS 12757 *2-3 (D.D.C. 1979). However, in the present case, there is no such risk of a continuing infringement on Plaintiffs' rights. Indeed, Plaintiffs' Complaints fail to cite any specific violation of their constitutional rights by Ms. Martin and only present allegations involving common law claims. Further, there is no suggestion that any witnesses will be unavailable or their memories diminished or that evidence will be lost during the pendancy of the requested stay. *Estate of Gaither v. D.C.*, 2005 U.S. Dist. LEXIS 35426 *11 (D.D.C. December 2, 2005).

WHEREFORE, Defendant Carla J. Martin respectfully requests that the Court stay these proceedings for an initial period of five months pending completion of the DOJ investigation, or, in the alternative, that the Court extend the time for Defendant to file responsive pleadings to the Complaints to permit the Department of Justice sufficient time to respond to Defendant's request for representation and/or determine whether to intervene in these cases.

DATED this 29th day of August, 2006.

Respectfully submitted,

/s/ Roscoe C. Howard, Jr.

Roscoe C. Howard, Jr. (DC Bar No. 246470)
Stuart F. Pierson (DC Bar No. 56820)
Mark E. Nagle (DC Bar No. 416364)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, DC 20004-2134
Tel: (202) 274-2950
Fax: (202) 654-5665
roscoe.howard@troutmansanders.com
stuart.pierson@troutmansanders.com
mark.nagle@troutmansanders.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 29th day of August 2006, a copy of the above and foregoing Motion was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Allison Rule
Allison Rule