UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA KOUNTY,<br>　　　Plaintiff,<br>　vs.<br><br>CARLA J. MARTIN, Individually,<br>　　　Defendant | Master Case No.:  1:06 CV 00606-RWR |

THIS DOCUMENT RELATES TO:

EILEEN BERTORELLI-ZANGRILLO,
　　　Plaintiff,
　vs.

CARLA J. MARTIN, Individually,
　　　Defendant

RUTH FALKENBURG,
　　　Plaintiff,
　vs.

CARLA J. MARTIN, Individually,
　　　Defendant

MARY BAVIS,
　　　Plaintiff,
　vs.

CARLA J. MARTIN, Individually,
　　　Defendant

ELIZABETH GAIL HAYDEN,
　　　Plaintiff,
　vs.

CARLA J. MARTIN, Individually,
　　　Defendant

| | |
|---|---|
| MICHAEL KEATING,<br>             Plaintiff,<br>vs.<br><br>CARLA J. MARTIN, Individually,<br>             Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY THE PROCEEDING, OR, IN THE ALTERNATIVE, TO EXTEND THE TIME TO FILE A RESPONSIVE PLEADING AND RESPOND TO DISCOVERY REQUESTS AND MEMORANDUM OF OPPOSING POINTS AND AUTHORITIES**

The above captioned Plaintiffs, by undersigned counsel, provides this Response to Carla J. Martin's (hereinafter Defendant) Motion to Stay the Proceeding, Or, In the Alternative, To Extend the Time to File A Responsive Pleading and Respond to Discovery Requests and Memorandum in Support respectfully requests this honorable Court's order denying Defendant's motion for an indefinite stay and establishing a date certain on which Defendant must file an answer and respond to discovery requests.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.   In support of Defendant's motion her major points are as follows:

"Beginning on March 13, 2006 and continuing throughout today, Defendant's actions concerning certain witnesses in the *United States v. Moussaoui* trial have been the subject of much public scrutiny and debate"

"On March 14, 2006, Defendant was informed by Judge Leonie M. Brinkema, U.S. District Judge for the Eastern District of Virginia, that she may be called as a witness in an evidentiary hearing as part of the *Moussaoui* trial, and that she may face civil and/or criminal liability for her actions."

"On or about March 23, 2006, undersigned counsel was advised that the Department of Justice ("DOJ") had initiated an investigation into the actions and conduct of Defendant as well as other government employees during the Moussaoui trial.  Undersigned counsel was further advised that U.S. Attorney's Office for the Eastern District of Pennsylvania was handling the investigation."

"Since initiation of the investigation by DOJ, Defendant has provided documents to the government to further its investigation. In addition, at the suggestion of her counsel, Defendant has met with government officials conducting the investigation to provide additional information and respond to questions. Undersigned counsel is scheduled to meet with the government next week and the government may request additional, future meetings with Defendant."

"At the risk and expense of her reputation, Defendant has not publicly responded to allegations concerning her conduct during the *Moussaoui* trial, choosing instead to allow the government sufficient time to conduct a fair and thorough investigation."

2.  Defendant failed to advise the court that the *Moussaoui* case, more formally captioned as *U.S.A. v. Zacarias Moussaoui*, in the United States District Court for the Eastern District of Virginia, case number 1:01CR455, long ago concluded. A life sentence was imposed on Zacarias Moussaoui via final sentencing order of the court. Moussaoui is now in the custody of the U.S. Department of Justice, Federal Bureau of Prisons. The judge in that case, Judge Leonie Brinkema, granted a motion on behalf of this plaintiff and other similarly situated persons identified by the U.S. Department of Justice as victims (or families of victims) of defendant Moussaoui, giving plaintiffs access to the portions of the record. On May 19, 2006, Judge Brinkma denied the U.S. Government's motion to reconsider. The case of *U.S.A. v. Zacarias Moussaoui* has concluded.

3.  Defendant really suggests only two reasons for a stay herein. See paragraphs 13 and 16 of Defendant's motion. Both reasons are without merit, and downright preposterous, as discussed below

4.  For Defendant's first reason set forth in paragraph 13 she claims be allowed to respond to allegations surrounding her conduct in a private forum "within the confines of the DOJ investigation" and that Defendant's response to this civil proceeding "would

be subject to scrutiny by the media and the public." This argument is blatantly frivolous. It is stunningly obvious and one of the most basic tenets of American constitutional protections and practices that pleadings and hearings are by intent and by law open to the press and the public. If the possibility of the public reading the pleadings was grounds for an indefinite delay, no case, criminal or civil, would ever be litigated.

5. However, that argument, even if meritorious is misleading. The press has not shown an interest in this litigation, but rather in Defendant's own misbehavior in the *Moussaoui* or other proceedings. See the attached Exhibit "A" for a sampling of press coverage of Defendant. Defendant's behavior or misbehavior was already widely exposed in the press. The fact that Defendant is subject to legal action by persons harmed by her behavior or misbehavior cannot realistically further imperil or sully her reputation.

6. Whatever crimes Defendant is alleged to have committed and whatever jeopardy or scrutiny she may face for such crimes are different from that alleged in these civil suits. Defendant provides no basis for this erroneous and misleading assertion.

7. Defendant states she has repeatedly met with prosecutors or provided documents to a Pennsylvania forum. Since the alleged prosecution is in Pennsylvania where Defendant is admitted as an attorney but the actions at issue herein occurred in the District of Columbia and possibly Virginia, it is logical to assume Defendant is facing an action somehow related to her bar admission. Defendant's bar admission is the only nexus with Pennsylvania. Attorney misbehavior and discipline or punishment is not an alternative to a civil suit to redress the damages occasioned by such malfeasance. Indeed, this plaintiff has no knowledge or involvement in Defendant's Pennsylvania predicament.

8.	Defendant also complains that forcing her to file a responsive pleading and engage in discovery while also expending her energy, resources, and efforts in the Pennsylvania investigation would be grossly unfair and present a severe hardship. Plaintiff and other plaintiffs in related cases are very much aware of the energy, resources and efforts necessary to respond to U.S. Department of Justice proceedings and investigations while also litigating a civil lawsuit. Whatever inquiry or investigation Defendant faces in Pennsylvania, she has not disclosed the nature of the charges in these pleadings, and since we presume it is related to a Pennsylvania bar license as the acts complained of in this lawsuit did not occur or arise in Pennsylvania, any alleged inconvenience to Defendant pales in comparison to the burden borne by plaintiffs herein. While pursuing a wrongful death lawsuit, plaintiff and/or others similarly situated served, at the request of the DOJ, as victim witnesses in the *U.S.A. v. Zacarias Moussaoui* case. Finally, plaintiff and/or others similarly situated had to seek a federal court order to have access as victims to the same information as given defendant Moussaoui. Plaintiffs know well about responding to multiple legal proceedings. They had to do so in whole or in part because of Defendant's actions. Defendant's burden is substantially less than that borne by plaintiffs.

Thus, Defendant's first argument which amounts to nothing more than her wish not to have bad press or respond to a civil suit while she is being examined in Pennsylvania where she is admitted to the bar, is patently frivolous.

9.	For Defendant's second reason for an indefinite stay, she argued as follows:

The federal government should be permitted sufficient time to determine whether to intervene in this case. Even if the government declines to provide representation for Defendant pursuant to 28 C.F.R. § 50.15, the government may

still wish to intervene to protect its interests in this case. First, the government has an interest in ensuring a full and fair investigation of the facts and circumstances surrounding the *Moussaoui* trial. At this time, public filings concerning those facts and circumstances may compromise the investigation. Second, a number of allegations in the Complaint attack the application and interpretation of government regulations concerning SSI and who is entitled to access government documents. The government has an interest in responding to those allegations to ensure uniformity of application and interpretation by all government employees.

10. Defendant, by fact and law, does not speak for the U.S. government. Defendant was sued in her individual capacity. United States District Court Judge Brinkema ejected her from her government role at trial. Defendant is on forced leave from the U.S. government. The U.S. government to date has declined to certify her actions as within the scope of her employment, substitute the government for Defendant in the suit, enter into this suit, and/or replace her as the defendant.

11. Since the U.S. government has done none of the above, it is obvious it has not granted Defendant any authority to speak on its behalf. The government is not a party. The procedures to substitute the U.S. government as the defendant, or to intervene, are well established. Defendant evoked these procedures and asked and the U.S. government to certify her actions as undertaken on behalf of the government and it declined. See also 28 U-S.C. § 2679.

12. However, in the event in the future the U.S. Attorney General should decide to certify that Defendant was acting within the scope of her office or employment, the law clearly sets forth the procedure to be followed. The case would simply continue forward with the U.S. as Defendant.

13. Upon certification by the Attorney General, and upon supplanting the U.S. government as the defendant, the United States is entitled to remove the case from a state court

to federal court. Since the case is already filed in federal court, such certification (which has not been forthcoming despite Defendant's request), does not stay the case.

## AUTHORITIES

14. The case law also demonstrates a stay is inappropriate in this case. For example, *Weil v. Markowitz* held that "a total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy appropriate for extraordinary circumstances." *Weil v. Markowitz*, 829 F.2d 166, 175 (D.C. Cir. 1987) (*citing Gordon v. FDIC*, 427 F.2d 578 (D.C. Cir. 1970); *SEC v. Dresser Industries*, 628 F.2d 1368, 1376 (D.C.Cir. 1980), *cert. denied*, 449 U.S. 993, 66 L. Ed. 2d 289, 101 S. Ct. 529 (1980).

15. Defendant cited *Landis v. North America Co.,* for the proposition that "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co,* 299 U.S. 248; Defendant's Motion to Stay, 3. [*Landis*, however, dealt with the imposition of a stay in one suit until the decision of another lawsuit; it did not address the imposition of a stay in a civil proceeding while a concurrent agency investigation was pending. Though *Horn v. District of Columbia*, 210 F.R.D. 13 (D.D.C. 2002) stated that the "decision to stay a civil action pending the completion or declination of a criminal investigation lies within the sound discretion of the trial court," Defendant has fallen far short of the requisite standard for whether a civil proceeding should be stayed during the pendency of a criminal investigation. *Id*. at 15. According to *Horn*, the movant must:

> (1) make a clear showing, by direct or indirect proof, that the issues in the civil action are related as well as substantially similar to the issues in the criminal investigation; (2) make a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending; and (3) must establish that the duration of the requested stay is not immoderate or unreasonable.

*Id.* at 15. *(quoting St. Paul Fire and Marine Ins. Co. v. U.S,* 24 Cl. Ct. 513, 515 (1991). Additionally, in *Sterling Natl. Bank v. A-1 Hotels Int'l, Inc.*, the court stated that "the mere pendency of a criminal investigation standing alone does not require a stay." *Sterling Natl. Bank v. A-1 Hotels Intl. Inc.*, 175 F. Supp. 2d 573, 578 (S.D.N.Y. 2001).

16.     As evident in *Horn*, the movant must make a clear showing of all three elements, in order to demonstrate that she is entitled to a stay of civil proceedings during the pendency of a criminal investigation. *Horn,* 210 F.R.D. at 15. [The court in *Dellinger v. Mitchell* held that when determining whether to grant a motion to stay proceedings, the court must weigh the competing interests. *Dellinger v. Mitchell*, 442 F.2d 782 (D.C. Cir. 1971). Courts generally weigh the following factors, which do not have equal weight; the interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to them if it is delayed; the public interest in the pending civil and criminal litigation; the interests of and burdens on the defendant; the interest of persons not parties to the civil litigation; and the convenience of the court in the management of its cases and the efficient use of judicial resources. *Barry Farm Resident Council v. United States Dept. of the Navy*, 1997 U.S. Dist. LEXIS 2754, 3*4 (D.D.C. February 14, 1997), (*quoting FSLIC v. Molinaro*, 889 F.2d at 903; Arden Way Associates v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987)).]

17.     Defendant claimed that the similarity between the allegations in the Complaint and the issues being investigated by the Department of Justice ("DOJ") entitle her to an opportunity to respond to questions regarding her conduct in a "fair and private" forum, but Defendant failed to support that claim with any facts or case law. Furthermore, contrary to Defendant's contention, the DOJ investigation will be conducted behind closed doors, and will not provide "an opportunity for the full and complete story to be presented to all." (Defendant's Motion to

Stay, 4). A civil proceeding, however, would pierce the veil of secrecy surrounding the facts and claims alleged in the Complaint, and it is the only remedy available to Plaintiffs for the unconstitutional violations of their rights by Defendant and the damages plaintiffs suffered as a result of Defendant's actions. Defendant will have a full and fair opportunity to present any and all admissible evidence in her defense in the forum of this civil proceeding against her.

18.     Regarding the second element of the standard enumerated in *Horn,* Defendant failed to establish the required showing of clear hardship. *Horn.*, 210 F.R.D. at 15. She provided no explicit facts to demonstrate why participating in the DOJ investigation while defending this civil proceeding against her entitles her to a stay where numerous courts and jurisdictions have held that mere concurrency of an agency investigation with a civil proceeding does not entitle a party to the grant of a stay. *See St. Paul Fire & Marine Ins. Co.,* 24 Cl. Ct. 513, 516. In *St. Paul Fire*, the court stated that even where the issues of both the investigatory proceeding and the civil proceeding are related and substantially similar, "the primary hardship to the litigants will generally arise from the considerably narrower scope of discovery allowed in the criminal case." *Id.*

19.     Such is not the case here. The similar facts in *SIPA Liquidation Govt. Sec. Corp*, demonstrate that Defendant fails to meet the substantial hardship requirement, in part because Defendant's resources "are not being spread thin by litigating in the civil and criminal arenas simultaneously." *SIPA Liquidation Govt. Sec. Corp*., 81 B.R. 692, 694 (Bankr. D. Fla. 1987). Additionally, the *Dellinger* court held that "[a]ny protracted halting or limitation of plaintiffs' right to maintain their case would require not only a showing of 'need' in terms of protecting the other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed." *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971). In

*SIPA Liquidation*, the court found that the plaintiff's interest in pursuing the action as quickly as possible, combined with the lack of criminal indictment against the defendant, warranted a denial of the defendant's motion to stay.  Defendant also remains unindicted. Furthermore, Defendant not only failed to make a clear showing of hardship, but has also neglected to demonstrate why her inconvenience overrides the plaintiff's injury and inconvenience, further delaying his opportunity to have his day in court after losing his wife in the attacks of September 11, 2001.

20.  Even where the narrower scope of discovery allowed in the criminal case is a factor in determining whether to grant a motion to stay, the *Dellinger* court held that even if protective orders regarding discovery become appropriate to avoid "unfairness or other interference with the public interest," it still does not justify a total stay of proceedings.  *Dellinger,* 143 U.S. App. D.C. 60. *(quoting United States v. Kordel*, 397 U.S. 1 (1970)).

21.  The third and final element required by the *Horn* standard mandates that the movant must establish that the duration of the requested stay is not immoderate or unreasonable.  *Horn,* 210 F.R.D. at 15. Language from the case *Sterling Natl. Bank v. A-1 Hotels Intl., Inc*. illustrates how the Defendant failed to meet that burden. *Sterling Natl. Bank,* 175 F. Supp. 2d 573. In *Sterling*, the defendant moved to stay scheduled depositions based on a grand jury subpoena duces tecum served in January 2001 and investigation by a FBI special agent.  The defendants' motion was denied, for the court stated:

> There is no telling how complicated the government's investigation may be, whether the allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a lengthy and open-ended investigation, what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time-consuming the resulting criminal case will be.  Under these circumstances, the likelihood that a civil party can make the necessary showing to obtain the "extraordinary" remedy of a stay … is inevitably much reduced.

*Id*. at 577. Similar to the facts in *Sterling*, the Defendant has not offered to this Court a reasonable proposed duration of the stay she is requesting. *Sterling Natl. Bank,* 175 F. Supp. 2d 573. Because Defendant is unindicted, any potential prejudice to her by denial of her motion to stay is remote; she may have nothing to fear from the DOJ investigation. However, the delay and injury imposed on the plaintiff is potentially indefinite.

22. Defendant's request to extend the time allowable for her filing of a responsive pleading, based on the contention that the government should be permitted sufficient time to determine whether to intervene in this case, should also be denied. Rule 24 of the Federal Rules of Civil Procedure provides sufficient time for the government to determine whether or not it can or should intervene in this case, as it does with all similarly situated third parties. Fed. R. Civ. Proc. 24. Rule 24(a) permits any party that claims an interest "relating to the property or transaction which…is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties," so long as timely application of the motion to intervene is made. Fed R. Civ. Proc. 24(a). *Stewart v. Rubin* held that the Court will consider four factors in determining the timeliness of a motion to intervene: (a) the length of time the intervenor knew or should have known of her interest in the case; (b) the prejudice to the original parties resulting from the intervenor's delay; (c) the prejudice, if any, to the intervenor if the motion is denied; and (d) any unusual circumstances. *Stewart v. Rubin*, 948 F. Supp. 1077, 1103 (D.D.C. 1996). Defendant has not articulated any reasons why the government should be given more latitude than any other third party subject to Fed. R. Civ. Proc. 24. Because Defendant stated in her Motion to Stay Proceedings that she has already notified the government of the Complaint and its allegations, the government will have ample time to determine whether it can,

or wishes to intervene by the time Defendant's responsive pleading in this case is due, without the necessity of an extension.

23. In conclusion, it is the Defendant's burden to meet each element of the standard set forth in *Horn*, and she has neglected to do so in her Motion to Stay Proceedings. Defendant has failed to point to anything that suggests that the dilemma she faces is more difficult than in any other case involving parallel proceedings. The duration of the proposed stay would indefinitely prolong the relief sought by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay The Proceeding, Or, In the Alternative, to Extend the Time to File a Responsive Pleading and Respond to Discovery Requests.

Pursuant to Local Rule 7(c), this opposition is accompanied by a proposed order.

Respectfully Submitted,

 /s/ Mary Schiavo
Mary Schiavo
DC Bar No. 440175
Motley Rice, LLC
28 Bridgeside Blvd.,
P.O. Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this 18th day of August 2006, a copy of the above and foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY THE PROCEEDING, OR, IN THE ALTERNATIVE, TO EXTEND THE TIME TO FILE A RESPONSIVE PLEADING AND RESPOND TO DISCOVERY REQUESTS AND MEMORANDUM IN SUPPORT was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

                                                            /s/ Mary Schiavo_____
                                                            Mary Schiavo