## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIA KOUTNY,   )
         )
    Plaintiff,  )
         )
         ) Master Case No.: 1:06CV00598-
v.        )
RWR
         )
CARLA J. MARTIN,  )
         )
Defendant.    )
_____)

THIS DOCUMENT RELATES TO:

EILEEN BERTORELLI-ZANGRILLO, )
         )
    Plaintiff,  )
         )
   v.     )
         )
CARLA J. MARTIN,  )
         )
    Defendant.  )
_____

STEPHEN HOLLAND,  )
         )
    Plaintiff,  )
         )
   v.     )
         )
CARLA J. MARTIN,  )
         )
    Defendant.  )
_____)

RUTH FALKENBERG,  )
         )
    Plaintiff,  )
         )
   v.     )
         )

CARLA J. MARTIN,                    )
                                   )
              Defendant.            )
                                   )
_____)
MARY BAVIS,                         )
                                   )
              Plaintiff,            )
                                   )
       v.                          )
                                   )
CARLA J. MARTIN,                    )
                                   )
              Defendant.            )
                                   )
_____)
                                   )
ELIZABETH GAIL HAYDEN,              )
                                   )
              Plaintiff,            )
                                   )
       v.                          )
                                   )
CARLA J. MARTIN,                    )
                                   )
              Defendant.            )
                                   )
_____)
                                   )
MICHAEL KEATING,                    )
                                   )
              Plaintiff,            )
                                   )
       v.                          )
                                   )
CARLA J. MARTIN,                    )
                                   )
              Defendant.            )
_____)

## DEFENDANT'S MOTION TO DISMISS

Defendant Carla J. Martin, by undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully moves for an order dismissing the these actions with prejudice.  As grounds therefor, Defendant states:

1.    Plaintiffs seek by these actions to turn a controversy that occurred in a criminal trial in the Eastern District of Virginia into a right of recovery in this court for alleged denial of access to materials to which they claim entitlement as civil litigants in the Southern District of New York.

2.    Plaintiffs have aggressively pursued discovery from the Transportation Security Administration, Defendant Martin's agency, to support their claims in litigation brought in New York on behalf of the victims of the September 11 attacks.  That court addressed the consequential discovery disputes for over three years, resolving them in March 2006.  Plaintiffs have not taken an appeal from that ruling.

3.    Plaintiffs also sought, as limited intervenors, access to materials relating to the September 11 attacks in the sentencing trial of Zacarias Moussaoui.  By order of April 7, 2006, and public release on its website, that court granted access to all documents the Plaintiffs sought, except materials that were classified or under seal.  Plaintiffs have not taken an appeal from those rulings.

4.    Plaintiffs' complaints fail:

    a.  to identify any injury in fact that they have suffered because of Ms. Martin's alleged actions; or

    b.  to identify a constitutional right that was allegedly violated by Ms. Martin's actions; or

    c.  to disclose that they have obtained access to the materials for which they

claim a right of recovery from Ms. Martin in this case.

5.     Accordingly, Plaintiffs lack standing to bring these actions; and they have

failed to state a claim upon which relief may be granted.

    This motion is based on the attached Memorandum in Support, the exhibits

thereto and all other materials of record herein.  A proposed order accompanies this motion.

    WHEREFORE, Defendant prays for any order dismissing these actions with

prejudice.

    DATED this 13th day of October, 2006.


                      Respectfully submitted,


                         _/s/ Stuart F. Pierson._____
                         Stuart F. Pierson (DC Bar No.56820)
                         TROUTMAN SANDERS LLP
                         401 9th Street, N.W., Suite 1000
                         Washington, DC 20004-2134
                         Tel: (202) 274-2950
                         Fax: (202) 654-5665
                         stuart.pierson@troutmansanders.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of October 2006, a copy of the above and foregoing Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Allison Rule
Allison Rule

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


MARIA KOUTNY,               )
                                        )
         Plaintiff,        )
                                          )
v.                             )     Master Case No.: 1:06CV00598-RWR
                                        )
CARLA J. MARTIN,       )
                                        )
Defendant.               )
——————————————————————)

THIS DOCUMENT RELATES TO:

EILEEN BERTORELLI-ZANGRILLO,   )
                                        )
         Plaintiff,        )
                                        )
     v.                     )
                                        )
CARLA J. MARTIN,       )
                                        )
         Defendant.      )
————————————————————

STEPHEN HOLLAND,      )
                                        )
         Plaintiff,        )
                                        )
     v.                     )
                                        )
CARLA J. MARTIN,       )
                                        )
         Defendant.      )
——————————————————————)
                                        )
RUTH FALKENBERG,     )
                                        )
         Plaintiff,        )
                                        )
     v.                     )
                                        )

CARLA J. MARTIN,                        )
                                        )
            Defendant.                  )
_____)
MARY BAVIS,                             )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
CARLA J. MARTIN,                        )
                                        )
            Defendant.                  )
_____)
                                        )
ELIZABETH GAIL HAYDEN,                  )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
CARLA J. MARTIN,                        )
                                        )
            Defendant.                  )
_____)
                                        )
MICHAEL KEATING,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
CARLA J. MARTIN,                        )
                                        )
            Defendant.                  )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HER
## MOTION TO DISMISS

Defendant Carla J. Martin, by undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectfully submits this Memorandum in Support of Her Motion to Dismiss Plaintiffs' complaints in these consolidated actions.

## SUMMARY

By these actions Plaintiffs attempt to turn a controversy that occurred in a criminal trial in another district into a right of recovery in this court for alleged denial of access to materials to which they claim entitlement as civil litigants in yet a third federal court. Not only do Plaintiffs seek a second and third bite at the apple here, they do so without exhausting their rights of appeal in those other courts. Even if such a patently far-fetched claim could establish any right of recovery, Plaintiffs' complaints fail to satisfy the most fundamental pleading requirements to establish standing to sue or to state a claim for relief. As if these multiple and fatal defects were not sufficient to summarily dismiss these actions, judicial notice establishes, not only that the Plaintiffs have litigated to conclusion the same issues in other courts, but that they have already obtained access to the materials they claim Ms. Martin kept from them.

## FACTUAL STATEMENT

**A.    Procedural History**

Plaintiffs filed their first two complaints in these actions on April 3, 2006: *Koutny v. Martin*, No. 1:06CV598 and *Holland v. Martin*, No. 1:06CV606. Ms. Martin received service of those complaints on April 12, 2006. Plaintiffs filed five additional, virtually identical complaints on May 2, 2006: *Keating v. Martin*, No. 1:06CV813; *Bertorelli-Zangrillo v. Martin*, No. 1:06CV757; *Falkenberg v. Martin*, No. 1:06CV758; *Bavis v. Martin*, No. 1:06CV812; and

*Hayden v. Martin*, No. 1:06CV811.  Ms. Martin received service of those complaints more than

three months later on August 14, 2006.  By order dated July 28, 2006, these seven "*Koutny*"

cases were consolidated.

The *Koutny* complaints purport to state claims, pursuant to the holding in *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), upon

allegations that Ms. Martin violated the Plaintiffs' constitutional rights by denying them access to

materials in civil litigation in the Southern District of New York, where they are suing numerous

defendants on behalf of the victims of the tragedies of September 11, 2001. (the "SDNY 9/11

Litigation").[1]

## B.    Plaintiffs' Allegations

Plaintiffs contend that Ms. Martin violated their constitutional rights by "frustrating the

[SDNY 9/11 Litigation] and harming or depriving plaintiff[s] of [their] right to a full and/or fair

trial." (Complaint, ¶ 30).[2]  Through diffuse and contradictory allegations,[3] the Plaintiffs allege in

essence that Ms. Martin engaged in such allegedly wrongful actions (1) by participating as a

government employee in determining access to classified material, sensitive security information

and other material in response to Plaintiffs' discovery demands in the SDNY 9/11 Litigation, and

(2) by taking criticized actions concerning documents and witnesses as a government lawyer in

the sentencing trial of Zacarias Moussaoui in the Eastern District of Virginia (the "Moussaoui

---

[1]  *In re September 11 Litigation*, 1:21-MC-00097-AKH-THK, S.D.N.Y.  Plaintiffs use the term "wrongful death action [or litigation]" to refer to the SDNY 9/11 Litigation.

[2]  As stated herein, all seven complaints are virtually identical.  However, due to formatting and other variations, page number and paragraph pagination may vary.  Accordingly, all citations to the complaints specifically reference the complaint filed on behalf of Maria Koutny.

[3]  Emblematic of the contradicting allegations of the complaints are the averments that Ms. Martin was an employee of the United States (Complaint at ¶5) and that she was not employed by a government agency (Complaint at ¶15).

Trial").[4]  To buttress these allegations, Plaintiffs make the following further conclusory

assertions:

- That Ms. Martin is not immune from civil lawsuits (Complaint at ¶ 12);
- That Plaintiffs have no other remedy for Ms. Martin's alleged constitutional violation of their rights and the asserted damages they have suffered due to such acts (Complaint at ¶¶ 14, 34);
- That Ms. Martin's alleged acts were separate and apart from any agency decision, and thereby violated Plaintiffs' constitutional rights (Complaint at ¶ 18);
- That Ms. Martin conspired or colluded to destroy or cover up evidence to render Plaintiffs' judicial remedies inadequate and ineffective and violate Plaintiffs' right of access to justice (Complaint at ¶ 20); and
- That Ms. Martin acted contrary to clearly established constitutional norms that a reasonable official would understand (Complaint at ¶ 21).

Despite these extensive personal accusations against Ms. Martin, Plaintiffs fail to identify

any constitutional right or provision that has been violated by her alleged actions. Complaint,

*passim.*  As we show below, moreover, Plaintiffs' allegations that they lack any remedy for their

alleged harm are, in fact, false.

### C.    Request for Judicial Notice of Judicial Records in Other Districts

Defendant respectfully requests that, pursuant to Federal Rule of Evidence 201, this Court

take judicial notice of relevant records of the SDNY 9/11 Litigation and the Moussaoui Trial.

Rule 201(b) authorizes judicial notice of facts that are "not subject to reasonable dispute

in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or

(2) capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned."  Fed. R. Evid. 201(b); *Weinstein v. Islamic Republic of Iran*, 175 F.

Supp. 2d 13 (D.D.C. 2001).  Further, this Court "may take judicial 'notice of another court's

order . . . for the limited purpose of recognizing the "judicial act" that the order represents or the

---

[4] *United States v. Zacarias Moussaoui*, Crim. No. 1:01cr455, E.D.VA.  In their complaints, Plaintiffs reference the "Northern District of Virginia."  Complaint at ¶ 32.  As no such jurisdiction exists, Defendant assumes that Plaintiffs

subject matter of the litigation and related filings.'" *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283

(11th Cir. 2001), quoting *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir. 1995); *see also*

*U.S. v. Clemons*, 440 F.2d 205, 211 n.1 (D.C. Cir. 1970) ("[I]t is recognized that a federal district

court may take judicial notice of judicial proceedings in a different federal court." (citing *Wells v.*

*U.S.*, 318 U.S. 257, 260 (1943)); *Hood v. U.S.*, 152 F.2d 431, 435 (8th Cir. 1946).

    Particularly when determining a motion to dismiss, courts may consider matters on which

they may take judicial notice. *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting

*EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)); *see also*

5 Charles A. Wright et al., Federal Practice and Procedure § 1357, at 375- 376 (3d ed. 2004)

("Numerous cases . . . have allowed consideration of . . . items subject to judicial notice, matters

of public record, orders, . . . ; these items may be considered by the district judge without

converting the motion into one for summary judgment."). This is so for Rule 12 (b)(1) motions,

as well as Rule 12(b)(6) motions. *See Hohri v. United States*, 782 F.2d 227, 241-242 (D.C. Cir.

1986), *vacated on other grounds*, 482 U.S. 64 (1987) (A district court "is not limited to the

allegations of the complaint in deciding a Rule 12(b)(1) motion" citing 5 C. WRIGHT & A.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 at 549-550 & n.77 (1969 & 1985

Supp.); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the

complaint's factual allegations insofar as they *contradict* exhibits to the complaint or *matters*

*subject to judicial notice.*" *Id.* (emphasis added) (citing to *Veney v. Wyche*, 293 F.3d 726, 730

(4th Cir. 2002)).

    Under Rule 201(d), a district court shall take judicial notice "if requested by a party and

supplied with the necessary information." Fed. R. Evid. 201(d).

---

intended to refer to the Eastern District of Virginia.

Ms. Martin specifically requests that the Court take judicial notice of the following content of the judicial records of the Southern District of New York and the Eastern District of Virginia:

1.     The pendency and course of the SDNY 9/11 Litigation and the Moussaoui Trial, as exemplified by selections from the docket sheets for those cases.  [**Exhibits 1 and 2, hereto**].

2.     Selected orders of the court in the SDNY 9/11 Litigation concerning Plaintiffs' disputes with the Transportation Security Administration ("TSA") concerning Plaintiffs' access to information and documents to support their claims in that litigation.  [**Exhibit 3**]  These orders are summarized below.

3.     Selected filings, orders and web postings of the court in the Moussaoui Trial concerning Plaintiffs' demands for access to admitted evidence and documents produced to defense counsel.  [**Exhibit 4**]  These materials are summarized below.

4.     Judge Brinkema's July 31, 2006, public release from the Moussaoui Trial, of 1,195 documents, excluding only seven documents that are classified or remain under seal.  These documents are publicly available via the court's webpage for the Moussaoui Trial.  [**Exhibit 5**].[5]

**D.     Proceedings in the Two Other Federal Courts**

**1.     The Southern District of New York**

For almost four years, Plaintiffs have actively pursued their claims in the SDNY 9/11 Litigation, particularly including persistent contentions that Ms. Martin's agency, TSA, has treated them unfairly in response to their discovery demands – the very same complaint they seek

---

[5]  These documents are available at:  http://www.vaed.uscourts.gov/notablecases/moussaoui/index.html.

to relitigate here.[6]  In summary, after commencing suit in late 2002, Plaintiffs have participated in extended discovery proceedings in the SDNY 9/11 Litigation, including the following:

- As reflected in Judge Hellerstein's order of March 31, 2006,[7] the Plaintiffs and TSA engaged in a protracted dispute regarding discovery of classified and sensitive security information ("SSI") from the early stages of the litigation until Judge Hellerstein resolved the matter in his March 2006 order.[8]

- On September 28, 2005, Judge Hellerstein directed the parties to develop a joint protocol that would address everyone's concern.[9]

- In his March 31, 2006, order,[10] Judge Hellerstein established a protocol for dealing with depositions where testimony might implicate SSI: 1) Plaintiffs' counsel with clearance from TSA will propound questions to witnesses.  Witnesses will be defended by counsel entitled to hear SSI.  Other affected parties can attend and cross examine, if they have clearance.  TSA can attend, object and cross examine, but no one else.  2) The deposition will be recorded by reporter with appropriate clearance.  3) The reporter will transcribe two copies of deposition, and furnish the same to TSA.  Within 30 days of receipt, TSA shall determine which answers contain SSI and redact the second copy which will be served on the party asking the questions, to be served and filed pursuant to Rule 30(f).  4) The first copy of the transcript, reflecting the SSI determination, shall be considered a final determination subject to appeal to the Second Circuit.  Judge Hellerstein denied

---

[6]  See Complaint at ¶¶ 30, 33.
[7]  See Exhibit 3.
[8]  See Exhibit 1.
[9]  See Exhibit 3.
[10]  See Exhibit 3.

reconsideration of this order on May 2, 2006,[11] and issued further refinements of the

protocol in May and June 2006.[12]

As shown in Exhibit B to Plaintiffs' complaints in these actions, on March 17, 2006, the

court in the SDNY 9/11 Litigation responded to the Plaintiffs' request for additional discovery

concerning TSA's alleged wrongful behavior purportedly reflected in Ms. Martin's actions in the

Moussaoui Trial – the very same subject matter of Plaintiffs' claims in these actions.  While

denying Plaintiffs' request for additional discovery in his court on the matter, Judge Hellerstein

directed them to Judge Brinkema in the Moussaoui Trial for any alleged improprieties affecting

them in that proceeding, and noted their access to the Second Circuit for any objections to his

rulings in the SDNY 9/11 Litigation.  There is no record that Plaintiffs have pursued an appeal of

Judge Hellerstein's rulings to the Second Circuit.  Their successful pursuit of relief in the Eastern

District of Virginia is summarized below.

### 2.    The Eastern District of Virginia

After his conviction on terrorism charges, Zacarias Moussaoui stood trial in March 2006

in the Eastern District of Virginia to determine whether he would be sentenced to death.[13]

Shortly before the trial, news media sought access to trial exhibits.[14]  On March 30, 2006,

Plaintiffs in these actions also sought intervention for the purposes of moving for access to

certain portions of the record of the trial, including the materials sought by the media.[15]  By order

entered April 7, 2006, Judge Brinkema responded to the Plaintiffs' request, by:

---

[11]  See Exhibit 3.
[12]  See Exhibits 1 and 3, orders dated May 16, May 30 and June 5, 2006.
[13]  See Exhibit 2.
[14]  See Exhibit 2, Order dated February 14, 2006.
[15]  See Exhibit 4: Plaintiffs' "Motion to Intervene for the Limited Purpose of Being Heard in Connection with Access to Certain Portions of the Record," filed in the Moussaoui Trial.

- Holding as moot Plaintiffs' request for access to materials provided to the news media intervenors, as those materials had already been made publicly available by order of March 25, 2006;[16]

- Granting Plaintiffs' request by ordering that, upon conclusion of the trial, access would be given to evidence presented to the jury;[17] and

- Granting the remainder of Plaintiffs' request by ordering that, upon conclusion of the trial, access would be given to other materials produced to Moussaoui's defense team, excepting only classified and SSI material.[18]

As shown by the July 31, 2006, posting on the website established by the Eastern District of Virginia for the Moussaoui Trial, all except seven of 1,202 documents relating to that trial were made public.[19]  Motions for reconsideration of Judge Brinkema's April 7, 2006, order were denied on May 19, 2006.  In response to the Plaintiffs' subsequent request concerning discovery relating to their claimed needs in the SDNY 9/11 Litigation, Judge Brinkema ordered them to address any such issues to Judge Hellerstein.[20]  There is no record that Plaintiffs' have appealed Judge Brinkema's orders.

## ARGUMENT

### A.    Plaintiffs Lack Standing

Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  A federal court is presumed to lack jurisdiction over an action "unless the contrary appears affirmatively from the record. . . .  It is the responsibility of the complainant to clearly

---

[16]  See Exhibit 4, Order dated April 7, 2006.
[17]  See Exhibit 4, Order dated April 7, 2006.
[18]  See Exhibit 4, Order dated April 7, 2006.
[19]  See Exhibit 5.
[20]  See Exhibit 4, Order dated May 19, 2006.

allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute

and the exercise of the court's remedial powers." *Renne v. Geary*, 501 U.S. 312, 316 (1991);

*Allen v. Wright*, 468 U.S. 737, 752 (1984) ("the standing inquiry must be answered by reference

to the Art. III notion that federal court may exercise power only 'in the last resort, and as a

necessity.'")  Lack of standing warrants dismissal under Federal Rule of Civil Procedure

12(b)(1).  *Id.*

> To satisfy Article III's standing requirements, plaintiff must show (1) it has
> suffered an 'injury in fact' that is (a) concrete and particularized and (b)
> actual or imminent, not conjectural or hypothetical; (2) the injury is fairly
> traceable to the challenged action of defendant; and (3) it is likely, as
> opposed to merely speculative, that the injury will be redressed by a
> favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167,180-81 (2000),

citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "The party invoking federal

jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504

U.S. at 561; *Paolone v. Mueller*, 2006 U.S. Dist. LEXIS 5601, *5 (D.D.C. August 11, 2006)

("the plaintiff has the burden of providing subject matter jurisdiction by a preponderance of the

evidence.").

The Plaintiffs in these seven actions lack standing, first because they do not allege any

personal injury in fact, second because their claims of harm are consequently neither concrete,

nor particularized, nor actual, nor imminent, third because they fail even to identify a

constitutional right the violation of which could cause any compensable injury, and fourth

because they have had and retain ready access to whatever relief they may be entitled in two

other federal courts.

Apparently aware that they must provide some specifics, Plaintiffs attach to their complaints an order in the SDNY 9/11 Litigation, wherein Judge Hellerstein declined to grant further discovery concerning their complaints about Ms. Martin's actions.[21] They neglect, however, to state how that declination caused them injury. On that ground alone, their allegations fail to meet the threshold requirement for standing. They also fail to state whether they pursued either of the available remedial alternatives noted by Judge Hellerstein in his order.[22] The conceded availability of those alternatives further demonstrates that Plaintiffs have yet to suffer any injury in fact, indeed, that their allegation of lack of remedies is demonstrably false.

Equally important, Judge Brinkema's April 7, 2006, order granting Plaintiffs the access they claim Ms. Martin denied them demonstrates that the essence of their claim – denial of access to allegedly relevant documents – is also false. This incontrovertible contradiction of the Plaintiffs' alleged harm both confirms their lack of standing and exposes their pursuit of these actions for an improper purpose.

**B.      Plaintiffs' *Bivens* Claims Fail to State a Claim on which Relief Can Be Granted**

**1.      12(b)(6) and *Bivens* Pleading Requirements**

A motion to dismiss pursuant to Rule 12(b)(6) will be granted if the allegations in the complaint do not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As a general proposition, the proponent of a motion to dismiss must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a motion dismiss, the court

---

[21]   See Complaint at ¶ 35, Exhibit B.
[22]   As Judge Hellerstein's order told the Plaintiffs, one alternative remedy was to address their request to Judge Brinkema in the Moussaoui case. See Complaint at ¶ 35, Exhibit B.

tests the legal sufficiency of the complaint while considering all factual allegations in a light most favorable to the plaintiff. *Kowal v. MCI Communicaitons, Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "The plaintiff is given the benefit of any doubts and of all reasonable inferences that can be drawn from the facts alleged." *M.K. et al. v. Tenet*, 99 F. Supp. 2d 12, 16-17 (D.D.C. 2000). The allegations must, however, be well pled. A court will not accept "inferences drawn by Plaintiffs if such inferences are unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276. Indeed, "[b]are conclusions of law and sweeping, unwarranted averments of fact will not be deemed admitted." *M.K., et al.*, 99 F. Supp 2d at 17.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an exception to the qualified immunity from suit for public officials. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998). In recognition of the nature of a *Bivens* action, the plaintiff is required not only to meet the general requirements of pleading under the Federal Rules; it must also (1) identify a specific statutory or constitutional right that was allegedly violated, and (2) allege that a reasonable person would have known of that right. *Harlow v. Fitzgerald*, 457 US 800 (1982); *Seigart v. Gilly*, 500 U.S. at 232. *See also M.K. et al. v. Tenet*, 99 F. Supp 2d 12, 17 (DD.C.) "[b]are conclusions of law and sweeping, unwarranted averments of fact" should be disregarded by this Court.

### 2.    Plaintiffs Have Failed to Clearly Identify a Constitutional Right

The first step in assessing the sufficiency of a *Bivens* complaint is determining "whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley*, 500 U.S. at 232. "If no constitutional right would have been violated were the allegations established, there

is no necessity for further inquiries concerning qualified immunity." *Greene v. Washington, D.C.*

*et al.*, 2006 U.S. Dist. LEXIS 40123, *12 (D.D.C. June 16, 2006), quoting *Saucier v. Katz*, 552

U.S. 194, 201 (2001). *See also Coleman v. Unknown Central Intelligence Agents*, 2006 U.S.

Dist. LEXIS 60761 (D.D.C. 2006) (court rejected "plaintiff's general allegations that each

defendant sought to silence him and participated in a coverup"); *Pons v. U.S. Dept. of Treasury*,

1998 U.S. Dist. LEXIS 5809, *8-9 (D.D.C. April 21, 1998) ("Plaintiff fails to meet either

requirement, because he neither identifies specific violations of constitutional rights nor shows

that these rights were clearly established at the time of defendant's actions."); *Rodriguez v.*

*National Center for Missing & Exploited Children*, 2005 U.S. Dist. LEXIS 5658, *35 (D.D.C.

2005) (Court rejected "conclusory allegations" that defendants were involved in conspiracy to

deprive Plaintiffs of "fundamental rights.").

      As we have noted in describing the complaints in this proceeding, the Plaintiffs have

failed to identify any constitutional right that Ms. Martin allegedly violated.  They merely allege:

- Defendant's conduct "render[s] plaintiff's judicial remedies inadequate and ineffective and violate plaintiff's right of access to justice."  (Complaint at ¶ 20)
- Defendant's actions were "contrary to clearly established Constitutional norms that a reasonable official would understand." (Complaint at ¶ 21)
- Defendant "interfered in the administration and progress of the civil case." (Complaint at ¶ 30(b))
- Defendant "interfered with plaintiff's rights to trial, and to her rights to seek redress in court." (Complaint at ¶ 30(g))
- Defendant "undertook these and/or other such actions which violate plaintiff's Constitutional rights." (Complaint at ¶ 30 (n))

      Since none of these allegations identifies a clearly established constitutional right,

Plaintiffs' complaints should be dismissed at the first step of analysis. [23]

---

[23] Plaintiffs' allegations are so thin that it may fairly be said that their complaints allege the violation of *no* rights, constitutional or common law, clearly established or otherwise.  Should plaintiffs endeavor to find a common-law

### 3.    Defendant Is Entitled to Qualified Immunity

Because the Plaintiffs have not satisfied the pleading requirements for a *Bivens* claim, they do not state a basis to qualify the immunity protecting Ms. Martin from their suits. Accordingly, these actions should be dismissed on the additional basis of Ms. Martin's established qualified immunity.

Qualified immunity protects public officials from the burdens of discovery and trial, as well as from liability, in connection with the performance of their official duties. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (stating that qualified immunity protects public officials against the burdens of litigation, as well as liability); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1992) ("[B]are allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery."); *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998). The "essence" of qualified immunity is "its possessor's entitlement not to have to … stand trial or face the other burdens of litigation." *Mitchell*, 472 U.S. at 526, including the "broad-ranging discovery" that can be "peculiarly disruptive of effective government. *Harlow*, 457 U.S. at 817; *Anderson v. Creighton*, 483 U.S. 635, 646, n.6 (1987). Because qualified immunity is "an immunity from suit rather than a mere defense to liability … it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526; *Siegert v. Gilley*, 500 U.S. at 232.

## <u>CONCLUSION</u>

For the foregoing reasons, all complaints in these consolidated actions should be dismissed with prejudice.

Pursuant to Local Rule 7(c), a proposed order is attached.

---

claim in their complaints, however, Ms. Martin would be entitled to the benefits of 28 U.S.C. 2679 since all actions

DATED this 13th day of October, 2006.

Respectfully submitted,


   /s/ Stuart F. Pierson.
Roscoe C. Howard, Jr. (DC Bar No. 246470)
Stuart F. Pierson (DC Bar No. 56820)
Mark E. Nagle (DC Bar No. 416364)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, DC 20004-2134
Tel: (202) 274-2950
Fax: (202) 654-5665
roscoe.howard@troutmansanders.com
stuart.pierson@troutmansanders.com
mark.nagle@troutmansanders.com

---

attributed to her were within the scope of her employment.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of October 2006, a copy of the above and foregoing Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.


     /s/ Allison Rule
Allison Rule