# Exhibit 3

# (Part 2)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :   21 MC 97 (AKH)
IN RE SEPTEMBER 11 LITIGATION         :
                                      :
------------------------------------- x
                                      :   21 MC 101 (AKH)
IN RE SEPTEMBER 11 PROPERTY DAMAGE    :
AND BUSINESS LOSS LITIGATION          :   **SUPPLEMENTAL CASE**
                                      :   **MANAGEMENT ORDER**
------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

WHEREAS, on July 24, 2002, I ordered the consolidation of all actions for wrongful death, personal injury and property damage or business loss currently pending or thereafter filed pursuant to the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101 (2002) (the "Act") against any airline and/or airline security company under the master docket 21 MC 97 (AKH) and captioned "In re September 11 Litigation";

WHEREAS, on November 1, 2002, I modified my July 24, 2002 Order such that all actions for wrongful death, personal injury and property damage or business loss currently pending or thereafter filed pursuant to the Act against any defendant, except for alleged hijackers or terrorists, are consolidated for purposes of pretrial proceedings; and

WHEREAS, on March 10, 2005, I issued an Order (the "March 2005 Order") creating a new Master Docket, 21 MC 101 (AKH) with the caption "In re September 11 Property Damage and Business Loss Litigation" and transferring the majority of the property damage and business loss actions arising out of the September 11, 2001 terrorist attack to this new Master Docket;

1

NOW, THEREFORE IT IS ORDERED THAT:

1. <u>Pleadings</u>

   a. The personal injury and wrongful death plaintiffs in 21 MC 97 (the "PI/WD Plaintiffs") shall amend the Appendices to their Master Complaints to reflect all actions filed since the original Master Complaints and Appendices were filed. The amended Appendices shall be served on or before October 14, 2005.

   b. The property damage and business loss plaintiffs in 21 MC 101 (the "PD/BL Plaintiffs") shall amend the Fourth Amended Master Property Complaint and Appendix to reflect all modifications to the parties named and causes of action alleged against the aviation and security company defendants since the original Master Property Complaint and Appendix were filed on or before November 1, 2005. This complaint shall be styled "Fifth Amended Master Property Complaint Against Airline and Security Company Defendants." Defendants shall serve their Master Answer to the Fifth Amended Master Property Complaint Against Airline and Security Company Defendants on or before December 1, 2005. In accordance with the terms of my January 22, 2003 Order, defendants shall serve Answers or Notices of Adoption of the Master Property Answer to the Fifth Amended Master Property Complaint Against Airline and Security Company Defendants on or before December 1, 2005.

   c. The PD/BL Plaintiffs shall file a single complaint incorporating all claims asserted by any PD/BL Plaintiff against any Ground Defendant on or before November 1, 2005. This complaint shall be styled the "Master Property Complaint Against Ground Defendants." Ground Defendants other than Skilling Ward Magnusson Barkshire, Inc. (Washington) and Magnusson Klemencic Associates, Inc. ("SWMB/MKA") shall serve

2

their Master Answers to the Master Property Complaint Against Ground Defendants thirty (30) days after service of the Master Property Complaint Against Ground Defendants. In accordance with the terms of my January 22, 2003 Order, the Ground Defendants other than SWMB/MKA shall serve answers or Notices of Adoption of the Master Property Complaint Against Ground Defendants, or otherwise respond to the individual complaints, thirty (30) days after service of the Master Property Complaint Against Ground Defendants.

  d. Cross-claim defendants shall serve Answers to the Cross-Claims filed by the WTCP Entities ("WTCP") and the Port Authority of New York and New Jersey ("PANYNJ")(together, the "Cross-Claim Plaintiffs") on or before November 18, 2005. In accordance with the terms of my January 22, 2003 Order, cross-claim defendants shall serve Answers or Notices of Adoption of the Answers to the Cross-Claims, or move as permitted by the FRCP, or otherwise respond in the individual actions by November 18, 2005.

2. <u>Plaintiffs' Master Discovery (First Set)</u>

  a. Plaintiffs' Master Discovery (First Set) shall be deemed served in 21 MC 101 as of the date herein. Aviation Defendants and Cross-Claim Plaintiffs shall produce a copy of their Responses and Objections to Plaintiffs' Master Discovery (First Set) and a copy of all documents previously produced to any Plaintiff in 21 MC 97 to all Liaison Counsel no later than seven (7) days from the date of this Order. Such production shall be deemed a production in 21 MC 101.

  b. On or before November 11, 2005, the PI/WD Plaintiffs' Liaison Counsel, the PD/BL Plaintiffs' Liaison Counsel, counsel for Cross-Claim Plaintiffs, and counsel

for American Airlines, Inc., United Air Lines, Inc., Argenbright Security, Inc., Huntleigh USA Corp., Globe Aviation Services, Inc., and their affiliated entities who are named defendants in 21 MC 97 and 21 MC 101 ("Certain Aviation Defendants") shall meet and confer to resolve any outstanding objections by Certain Aviation Defendants to Plaintiffs' Master Discovery (First Set). The date and time of this meet and confer shall be coordinated through Liaison Counsel and counsel for Cross-Claim Plaintiffs. On or before January 11, 2006, Certain Aviation Defendants shall produce responsive documents to all document requests in Plaintiffs' Master Discovery (First Set) for which objections are resolved to the PI/WD Liaison Counsel and the PD/BL Liaison Counsel. (These document productions shall generally be known as the "third wave document production."). If the parties are unable to resolve all objections to the document requests in Plaintiffs' Master Discovery (First Set), the parties shall submit a joint letter describing any unresolved disputes in accordance with Rule 2(E) of my Individual Rules on or before November 25, 2005. Nothing in this paragraph shall be interpreted to preclude plaintiffs from seeking a meet and confer with respect to discovery propounded against any Aviation Defendant other than Certain Aviation Defendants.

c.  To the extent the responsive documents contain or may contain Sensitive Security Information, as that term is defined by 49 U.S.C. § 40119 and 49 C.F.R. Part 1520 ("SSI"), Certain Aviation Defendants shall forward such responsive documents to the Transportation Security Administration for review on or before January 11, 2006.

d.  Plaintiffs' Master Discovery (First Set) is hereby deemed served on all Ground Defendants. Ground Defendants (except for PANYNJ and WTCP, who already responded to Plaintiffs' Master Discovery (First Set) and SWMB/MKA) shall serve

4

written responses and objections to the Plaintiffs' Master Discovery (First Set) on or before January 6, 2006. Thirty (30) days after serving such written responses, all Liaison Counsel (or their designees) shall meet and confer to resolve any outstanding objections to Plaintiffs' Master Discovery (First Set). Thirty (30) days after the meet and confer, the participating Ground Defendants shall serve answers to interrogatories to which no objection has been raised and produce documents to which no objection has been raised to the PI/WD Plaintiffs' Liaison Counsel and the PD/BL Plaintiffs' Liaison Counsel. If the parties are unable to resolve objections to any of the document requests, the aforementioned parties shall submit a joint letter describing the dispute in accordance with Rule 2(E) of my Individual Rules thirty (30) days after the meet and confer.

    e.    Pursuant to the October 24, 2003 Supplemental Case Management Order, the Airport Operator Defendants have engaged in limited discovery related to dispositive motion practice. All such discovery requests and responses shall be served on Ground Defendants' Liaison Counsel on or before November 1, 2005.

    f.    Pursuant to the October 24, 2003 Supplemental Case Management Order, the Non-Carrier Defendants were not required to produce documents responsive to Plaintiffs' Master Discovery (First Set) because these defendants were engaged in separate limited discovery relating to potential motions for summary adjudication. On or before November 3, 2005, the PI/WD Plaintiffs and Cross-Claim Plaintiffs shall serve demands for document production on the Non-Carrier Defendants limited in scope to information necessary to oppose potential motions by these defendants. The Non-Carrier Defendants shall serve written responses and objections to the discovery demands by December 5, 2005. The Non-Carrier Defendants shall produce responsive documents to

which no objection has been raised on or before January 18, 2006. To the extent the responsive documents contain or may contain SSI, the Non-Carrier Defendants shall forward such responsive documents to the Transportation Security Administration for review on or before January 18, 2006.

3.  Production of PD/BL Plaintiffs' Damage Documents

   a. Subrogation Plaintiffs. Within sixty (60) days of the entry of this Order, the subrogation plaintiffs in 21 MC 101 shall produce their claim/adjustment files for each claim, with the exception of the following:

   (i) Privileged Documents—documents or portions thereof protected by an attorney-client, work product, or other applicable privilege.

   (ii) Open Claim Files—the entirety of the claim/adjustment file for any claim which has not been finally resolved.

   (iii) Disputed Coverage Issue Documents—documents or portions thereof containing information relevant to a coverage issue in dispute.

   (iv) Prohibited Disclosure Documents—claim/adjustment files or any portion thereof which are prohibited from disclosure by written agreement.

Each subrogation plaintiff shall provide all Defense Liaison Counsel with the name of the insured for any Open Claim File not being produced pursuant to subsection (ii) above. Each subrogation plaintiff shall also provide all Defense Liaison Counsel with a list (including name of the insured, basis for withholding, and document number if available) of any claim/adjustment files and/or specific documents being withheld from production pursuant to subsections (iii) and (iv) above.

Upon notification of claim/adjustment files and/or specific documents being withheld from production pursuant to subsections (ii), (iii), or (iv) above, Defense Liaison Counsel shall contact the subrogation plaintiff and attempt to reach agreement as to a limited production of documents sufficient to substantiate the damage figure set forth in the subrogation plaintiff's damage disclosure form.

Any Open Claim Files withheld from production pursuant to subsection (ii) above shall be produced no later than sixty (60) days after the claim is finally resolved and subject to subsections (i), (iii), and (iv) above.

Nothing in the foregoing shall be interpreted to prevent the parties from discussing the appropriate time and manner of the exchange of privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and Rule 26.2 of the Local Rules of the Southern District of New York.

b.   Uninsured Loss Plaintiffs. Within sixty (60) days of the entry of this Order, the uninsured loss plaintiffs shall produce all nonprivileged documents in their possession relevant to the damage figure set forth in their damage disclosure form.

4.   Supplemental Discovery

a.   PI/WD Plaintiffs' Liaison Counsel, the PD/BL Plaintiffs' Liaison Counsel and/or counsel for Cross-Claim Plaintiffs shall have the right to serve supplemental discovery. Nothing in this paragraph shall preclude any plaintiff or Cross-Claim Plaintiff from serving appropriate individual discovery to the extent consistent with the March 2005 Order.

b.   Defendants shall serve written responses and objections to Plaintiffs' supplemental discovery thirty (30) days after service, and shall serve supplemental

7

documents to which no objection has been raised (or, to the extent such documents contain SSI, shall forward such documents to the Transportation Security Administration) thirty (30) days after service or sixty days from the date of this Order, whichever is later.

c. Document requests previously served by American Airlines, Inc. and United Air Lines, Inc. shall be deemed served by all Defendants. Plaintiffs shall serve written responses and objections to those requests on or before November 30, 2005. Plaintiffs shall produce documents to which no objection has been raised on or before January 11, 2006.

d. Defendants will have the right to serve supplemental discovery after November 30, 2005. Each sub-group of defendants (*i.e.*, the Aviation Defendants and the Ground Defendants) shall serve joint supplemental discovery requests through their respective Liaison Counsel. Nothing in this paragraph shall preclude any defendant from serving appropriate individual discovery to the extent consistent with paragraph IV H of the March 2005 Order.

e. Plaintiffs shall serve written responses and objections to Defendants' supplemental discovery thirty (30) days after service, and shall serve supplemental documents to which no objection has been raised thirty (30) days after service.

5. Non-party Discovery

a. Non-party discovery may commence forthwith. No non-party depositions shall commence prior to November 4, 2005.

6. Expert Discovery

a. Expert discovery, including document discovery and depositions, shall not commence until after fact discovery is completed or further order of the Court.

7. <u>SSI Discovery Protocol</u>

   a. The Court acknowledges the parties' representations that liability discovery and depositions are likely to address subject matters that would require the disclosure of information that Transportation Security Administration has claimed constitutes SSI. To further the process of resolving SSI issues, Liaison Counsel will send a letter to or otherwise communicate with the Transportation Security Administration setting out proposed protocols for dealing with SSI issues. Thereafter, counsel for the parties shall meet with the Transportation Security Administration to confer regarding the proposed protocols. The parties and the Transportation Security Administration shall conduct these meetings no later than 30 days from the date of this order.

   b. On or before November 4, 2005: (1) the parties and the Transportation Security Administration shall submit a letter to the Court outlining the agreed-upon proposed SSI protocol, together with a proposed case management order setting forth a schedule for the completion of fact and expert discovery; or (2) in the event the parties and the Transportation Security Administration cannot agree on a proposed SSI protocol, the parties and the Transportation Security Administration shall submit a letter to the Court in accordance with Individual Rule 2E outlining the matters in dispute and their proposals for resolving disputed SSI issues. Nothing in this Order shall constitute a limitation or waiver of any party's right to propose a procedure for narrowing the issues for which SSI disclosure is sought.

8. <u>Skilling Ward Magnusson Barkshire, Inc. (Washington) and Magnusson Klemencik Associates, Inc.</u>

(a) <u>Pleadings</u>. SWMB/MKA shall serve their Master Answer to the PI/WD Master Complaint in 21 MC 97 and Master Answer to the Master Property Complaint against Ground Defendants in 21 MC 101 within thirty (30) days after the date of the Court's decision on SWMB/MKA's motion to dismiss previously filed herein. In accordance with the terms of my January 22, 2003 Order, SWMB/MKA shall serve Answers or Notices of Adoption of the Master Complaints in both 21 MC 97 and 21 MC 101, or otherwise respond to the individual complaints, within thirty (30) days after the date of the Court's decision on SWMB/MKA's motion to dismiss previously filed herein.

(b) <u>Discovery</u>. SWMB/MKA shall serve written responses and objections to the Plaintiffs' Master Discovery (First Set) within thirty (30) days after the date of the Court's decision on SWMB/MKA's motion to dismiss previously filed herein. Thirty (30) days after serving such written responses, Counsel for SWMB/MKA, the PI/WD Plaintiffs' Liaison Counsel, and counsel to the PD/BL Plaintiffs who have asserted claims against SWMB/MKA shall meet and confer to resolve any outstanding objections to Plaintiffs' Master Discovery (First Set). Thirty (30) days after the meet and confer, SWMB/MKA shall produce documents to which no objection has been raised to the PD/BL Plaintiffs who have asserted claims against SWMB/MKA and all Liaison Counsel. If the parties are unable to resolve objections to any of the document requests, the aforementioned parties shall submit a joint letter describing the dispute in accordance with Rule 2(E) of my Individual Rules thirty (30) days after the meet and confer.

SWMB/MKA may serve document requests directed to Plaintiffs within sixty (60) days after the date of the Court's decision on SWMB/MKA's motion to dismiss

previously filed herein. Plaintiffs shall serve written responses and objections to those requests within thirty (30) days after serving such demands.

Notwithstanding the above provisions, SWMB/MKA reserve the right to proceed in discovery with the other Ground Defendants pursuant to the discovery schedule set forth herein.

9.   WTC 7 Litigation Ground Discovery[1]

(a)   "WTC 7 Litigation Ground Discovery" refers to all discovery by and among the parties to the three complaints with docket numbers 02 CV 7328, 02 CV 7188, 04 CV 7272 ("WTC7 Litigation"), except as to discovery involving the Aviation Defendants. The "WTC 7 Ground Defendants" means The Port Authority of New York and New Jersey as a defendant in 02 CV 7328 and 02 CV 7188 and all defendants in 04 CV 7272 except the Aviation Defendants. The City of New York, which is a defendant in 02 CV 7188, is not included as a "WTC 7 Ground Defendant" in this Order.

(b)   The foregoing provisions in paragraphs 1, 2, 4, 5, 6, and 8 of this case management order shall not apply to WTC 7 Litigation Ground Discovery. The provisions of paragraphs 3 ("Production of PD/BL Plaintiffs' Damage Documents"), 7 ("SSI Discovery Protocol") and 10 ("Other") shall apply to WTC 7 Litigation Ground Discovery.

(c)   30 days after a decision denying pending motions to dismiss in 04 CV 7272, each WTC 7 Ground Defendant named in 04 CV 7272 (as amended dated February 7, 2005) shall serve its answer to that complaint. However, if plaintiffs serve new

---

[1]   The City of New York, a defendant in 02 CV 7188, does not consent to any of the provisions of this Order nor to the entry of any discovery order while its motions for summary judgment are pending.

11

pleadings in 04 CV 7272 pursuant to the Court's decision on the pending motions to dismiss, each WTC 7 Ground Defendant shall have 45 days after service on it of the new complaint to answer or otherwise respond to that complaint.

(d) Seven (7) days after service of its answers pursuant to subsection (c) of this paragraph, each WTC 7 Ground Defendant shall produce insuring agreements within the meaning of Fed. R. Civ. P. 26(a)(1)(D).

(e) Plaintiffs shall serve documents and information concerning damages as required under paragraph 3 above. No WTC 7 Ground Defendant shall be deemed to have hereby waived its right to pursue further discovery in this regard nor to have conceded that any documents that may be withheld pursuant to paragraph 3(i) through (iv) are not discoverable.

(f) The provisions of the Order of June 23, 2005 shall apply to the WTC 7 Litigation, except: The deadlines to serve notices of claim, cross-claims and third-party claims as of right in the WTC 7 Litigation are extended to 60 days after the answers have been served pursuant to subparagraph (c) above. The provisions of paragraph 3 of the Order of June 23, 2005, shall apply to all of the WTC 7 Ground Defendants, except that the reference to "cross-claims" shall include "third-party complaints" so that the June 23, 2005 Order shall apply to claims for contribution and for contractual and/or common law indemnity between and among all of the WTC 7 Ground Defendants, even if in a separate individual action.

(g) No later than 45 days after a decision denying pending motions to dismiss in 04 CV 7272, or no later than 60 days after the service of an amended complaint if one is served pursuant to the Court's decision on the pending motions to dismiss in 04 CV

7272, counsel for the Plaintiffs involved in the WTC 7 Litigation Ground Discovery and Liaison Counsel for WTC 7 Ground Defendants shall meet and confer for the purpose of drafting a proposed discovery plan. A discovery plan for the WTC 7 Litigation Ground Discovery shall be submitted to the Court no later than 30 days after the meet-and-confer, with any dispute being submitted to the Court in accordance with the Court's individual rules. Other than as provided in this paragraph, WTC 7 Litigation Ground Discovery shall proceed under such discovery plan or as ordered by the Court.

10. Other

    a. All discovery demands, responses, and correspondence regarding discovery must be served on all Liaison Counsel regardless of to whom the discovery demands, responses, or correspondence are directed.

    b. Nothing in this Order shall constitute a limitation or waiver of any party's right to seek a modification of the terms of this Order.

SO ORDERED.

Dated: New York, New York
      September 15 2005

                                ALVIN K. HELLERSTEIN
                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
:                             **ORDER DENYING MOTION**
:                             **FOR RECONSIDERATION**
IN RE SEPTEMBER 11 LITIGATION  :
:                             21 MC 97 (AKH)
:                             21 MC 101 (AKH)
:
:
------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

  The Transportation Security Administration ("TSA") moves for reconsideration of my March 31, 2006 Opinion and Order (the "March 31 Opinion"), and asks that I vacate the Opinion or, in the alternative, grant a stay pending consideration regarding appeal. TSA asserts that my March 31 Opinion intrudes upon its exclusive jurisdiction to make final determinations, and the exclusive jurisdiction of the Courts of Appeals to review its final determinations, as to defining and protecting Sensitive Security Information ("SSI"). See 49 U.S.C. § 46110; see also Final Order of Requests for Conditional Disclosure of SSI, dated February 7, 2006.

  TSA misapprehends the nature of my March 31 Opinion. The Opinion does not define SSI, or modify or seek to review TSA's final determination concerning SSI. The Courts of Appeals alone have jurisdiction to review final determinations of TSA.

  The purpose of my Opinion was to set out a procedure that would enable the plaintiffs to take the depositions of the airlines, the airports, and the aircraft security companies. The 300 wrongful death and personal injury cases over which I preside cannot progress unless those depositions are taken and, unless they progress, none of the 3,000 other September 11 cases on my docket can progress. It was wrong of TSA to

1

order their lawyers not to attend those depositions and to seek to shift their responsibilities to others, putting the lawyers for the private defendants into inexorable conflict. Happily, TSA has corrected its position, and announces in its current motion that its lawyers will now participate and, presumably, assume responsibility to make objections to prevent SSI from being disclosed.

It is without dispute that the Courts of Appeals have "exclusive jurisdiction to affirm, amend, modify or set aside" final orders issued by TSA pursuant to 49 U.S.C. § 114(s). See 49 U.S.C. § 46110. District Courts are without jurisdiction to entertain challenges to TSA's determinations. See Gilmore v. Gonzales, 435 F.3d 1125, 1133 (9th Cir. 2006); Merritt v. Shuttle, Inc., 245 F.3d 182, 187 (2d Cir. 2001); Chowdhury v. Northwest Airlines Corp., 226 F.R.D. 608, 614 (N.D. Cal. 2004). I seek neither to trammel on that jurisdiction, nor to question the authority of TSA to make final determinations with regard to SSI.

As I pointed out in my March 31 Opinion, Congress gave to this District Court, the United States District Court for the Southern District of New York, "original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." Air Transportation Safety and System Stabilization Act ("ATSSSA"), § 408(b)(3), Pub. L. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. §§ 40101 note). An inherent aspect of this jurisdictional grant is the right and obligation to regulate pre-trial and trial procedures, including the conduct of depositions, with the aim of advancing the litigants' interest in a fair and prompt adjudication of their legal claims.

2

Here, no further progress may be had absent the completion of discovery, both by document production and by taking of depositions. Faced with the inability of the parties to reach a consensus as to the conduct of depositions and with TSA's refusal to attend same, I directed that depositions proceed in the ordinary course provided by Rule 30(c), Fed. R. Civ. P., except that the persons in the deposition room were to be limited to those who previously had been cleared by TSA or who were otherwise entitled by TSA regulations to be present and with all resulting transcripts to be sealed pending review by TSA. There is nothing in that order that intrudes on TSA's jurisdiction. But TSA cannot extend its jurisdiction to intrude on the jurisdiction of this court, and the constitutional rights of litigants to due process with regard to their advancing their claims against the airlines, the airports, and the aircraft security companies through lawsuits in this court specifically authorized by the ATSSSA. ATSSSA § 408(b)(3).

I ruled in my March 31 Opinion that TSA had to rely on its lawyers, and not on the lawyers of defendants, to raise objections to prevent disclosure of SSI. TSA now states agreement with that position. I ruled further that since many of plaintiffs' lawyers had been cleared by TSA to hear and see SSI, answers could be given and recorded in sealed transcripts pending final determinations by TSA what should, and should not, qualify as SSI, allowing review therefrom to be brought to the Courts of Appeals. I ruled further that no one other than cleared lawyers and cleared stenographic reporters could enter the deposition room. These rulings also fall within my jurisdiction. Apparently TSA disagrees, and may seek recourse, if TSA so desires, by appropriate procedures in the appellate courts. TSA raises nothing in its motion for reconsideration

3

that I failed to consider. Its disagreement with my rulings does not qualify as basis for a motion for reconsideration. TSA's motion to vacate the March 31 Opinion is denied.

I also deny TSA's motion for an additional stay. These depositions have been discussed since November 2005, and earlier. TSA was given ample notice of the depositions that were scheduled to begin the first week of April 2006. It knew, from letters filed March 9, 2006, that a ruling ordering those depositions to proceed was contemplated. My March 31 Opinion postponed the depositions another 30 days, to begin May 1, 2006, to give TSA time to pursue appellate remedies. TSA has delayed long enough. Its remedy, if any, should come from an appellate court, not from me.

SO ORDERED.

Dated:    New York, New York
          May ___, 2006

ALVIN K. HELLERSTEIN
United States District Judge

4