# Exhibit 3

# (Part 3)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
:                    **AMENDED ORDER DENYING**
:                    **MOTION FOR**
IN RE SEPTEMBER 11 LITIGATION    :    **RECONSIDERATION**
:
:                    21 MC 97 (AKH)
:                    21 MC 101 (AKH)
------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The Transportation Security Administration ("TSA") moves for reconsideration of my March 31, 2006 Opinion and Order (the "March 31 Opinion"), and asks that I vacate the Opinion or, in the alternative, grant a stay pending consideration regarding appeal. TSA asserts that my March 31 Opinion intrudes upon its exclusive jurisdiction to make final determinations, and the exclusive jurisdiction of the Courts of Appeals to review its final determinations, as to defining and protecting Sensitive Security Information ("SSI"). See 49 U.S.C. § 46110; see also Final Order of Requests for Conditional Disclosure of SSI, dated February 7, 2006.

    TSA misapprehends the nature of my March 31 Opinion. The Opinion does not define SSI, or modify or seek to review TSA's final determination concerning SSI. The Courts of Appeals alone have jurisdiction to review final determinations of TSA.

    The purpose of my Opinion was to set out a procedure that would enable the plaintiffs to take the depositions of the airlines, the airports, and the aircraft security companies. The 300 wrongful death and personal injury cases over which I preside cannot progress unless those depositions are taken and, unless they progress, none of the 3,000 other September 11 cases on my docket can progress. It was wrong of TSA to

order their lawyers not to attend those depositions and to seek to shift their responsibilities to others, putting the lawyers for the private defendants into inexorable conflict. Happily, TSA has corrected its position, and announces in its current motion that its lawyers will now participate and, presumably, assume responsibility to make objections to prevent SSI from being disclosed.

It is without dispute that the Courts of Appeals have "exclusive jurisdiction to affirm, amend, modify or set aside" final orders issued by TSA pursuant to 49 U.S.C. § 114(s). See 49 U.S.C. § 46110. District Courts are without jurisdiction to entertain challenges to TSA's determinations. See Gilmore v. Gonzales, 435 F.3d 1125, 1133 (9th Cir. 2006); Merritt v. Shuttle, Inc., 245 F.3d 182, 187 (2d Cir. 2001); Chowdhury v. Northwest Airlines Corp., 226 F.R.D. 608, 614 (N.D. Cal. 2004). I seek neither to trammel on that jurisdiction, nor to question the authority of TSA to make final determinations with regard to SSI.

As I pointed out in my March 31 Opinion, Congress gave to this District Court, the United States District Court for the Southern District of New York, "original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." Air Transportation Safety and System Stabilization Act ("ATSSSA"), § 408(b)(3), Pub. L. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. §§ 40101 note). An inherent aspect of this jurisdictional grant is the right and obligation to regulate pre-trial and trial procedures, including the conduct of depositions, with the aim of advancing the litigants' interest in a fair and prompt adjudication of their legal claims.

2

Here, no further progress may be had absent the completion of discovery, both by document production and by taking of depositions. Faced with the inability of the parties to reach a consensus as to the conduct of depositions and with TSA's refusal to attend same, I directed that depositions proceed in the ordinary course provided by Rule 30(c), Fed. R. Civ. P., except that the persons in the deposition room were to be limited to those who previously had been cleared by TSA or who were otherwise entitled by TSA regulations to be present and with all resulting transcripts to be sealed pending review by TSA. There is nothing in that order that intrudes on TSA's jurisdiction. But TSA cannot extend its jurisdiction to intrude on the jurisdiction of this court, and the constitutional rights of litigants to due process with regard to their advancing their claims against the airlines, the airports, and the aircraft security companies through lawsuits in this court specifically authorized by the ATSSSA. ATSSSA § 408(b)(3). Nor is there anything in my previous Order that imposes undue burden on TSA. The concern that TSA states that 125 plaintiffs' lawyers are clamoring for clearance is not real. I have stated from the beginning of these cases and on numerous occasions that representation for depositions can be by small committee and, in general and for both parties, I stand ready to regulate procedures to promote justice, economy, and efficiency in the public interest and without compromising the safety of the American public or TSA's jurisdiction.

I ruled in my March 31 Opinion that TSA had to rely on its lawyers, and not on the lawyers of defendants, to raise objections to prevent disclosure of SSI. TSA now states agreement with that position. I ruled further that since many of plaintiffs' lawyers had been cleared by TSA to hear and see SSI, answers could be given and

3

recorded in sealed transcripts pending final determinations by TSA what should, and should not, qualify as SSI, allowing review therefrom to be brought to the Courts of Appeals. I ruled further that no one other than cleared lawyers and cleared stenographic reporters could enter the deposition room. These rulings also fall within my jurisdiction. Apparently TSA disagrees, and may seek recourse, if TSA so desires, by appropriate procedures in the appellate courts. TSA raises nothing in its motion for reconsideration that I failed to consider. Its disagreement with my rulings does not qualify as basis for a motion for reconsideration. TSA's motion to vacate the March 31 Opinion is denied.

I also deny TSA's motion for an additional stay. These depositions have been discussed since November 2005, and earlier. TSA was given ample notice of the depositions that were scheduled to begin the first week of April 2006. It knew, from letters filed March 9, 2006, that a ruling ordering those depositions to proceed was contemplated. My March 31 Opinion postponed the depositions another 30 days, to begin May 1, 2006, to give TSA time to pursue appellate remedies. TSA has delayed long enough. Its remedy, if any, should come from an appellate court, not from me.

SO ORDERED.

Dated:     New York, New York
              May  5, 2006

                                     ALVIN K. HELLERSTEIN
                                     United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
:
: **MEMORANDUM AND ORDER**
: **REGULATING DEPOSITION**
: **PROTOCOL AND**
: **SUPPLEMENTING ORDERS**
IN RE SEPTEMBER 11 LITIGATION : **OF MARCH 31 AND MAY 5,**
: **2006**
:
: 21 MC 97 (AKH)
: 21 MC 101 (AKH)
:
---------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Following my Opinion of March 31, 2006, and my Order of May 5, 2006 denying the Transportation Security Administration's ("TSA") motion for reconsideration, it is necessary to write again to respond to points raised by the parties and TSA.

1. As I ruled in my prior Opinion and Order, attendance at depositions shall be limited to counsel in the wrongful death and personal injury cases who previously were cleared by TSA or who are entitled to read and hear SSI pursuant to applicable regulations, 49 C.F.R. § 1520.11. The depositions shall be transcribed by cleared court stenographic reporters of this District Court.

   a. The depositions previously noticed by plaintiffs to begin May 1, 2006 are adjourned to begin June 12, 2006, at 10:00 a.m., and to continue day to day thereafter until concluded. The depositions shall take place at the courthouse, 500 Pearl Street, New York, NY 10007, at the place designated by the Clerk.

1

b. Plaintiffs represent that the thirteen of plaintiffs' counsel who previously were cleared no longer fairly represent the remaining wrongful death and personal injury plaintiffs. Plaintiffs' liaison counsel, on or before May 19, 2006, shall serve and file a narrow list of counsel who are fairly representative of such remaining litigants, and ask TSA to clear those counsel for the purpose of participating in depositions necessary to the instant litigation.

c. Defendants represent that the clearances of defense counsel are limited to documents relating to their respective clients, and that a broader clearance allowing them to see and hear the proofs elicited by all deposition participants is necessary to allow them to protect their clients' interests. Defendants' liaison counsel, on or before May 19, 2006, shall serve and file a narrow list of counsel who will be able fairly to represent the interests likely to be directly affected by the testimony of the deposition witnesses who will be called to testify in the immediately ensuing round of depositions, and ask TSA to review those counsel for clearance as to SSI not derived from their access to SSI in the possession of their clients pursuant to 49 C.F.R. § 1520.11(a)(5).

d. If TSA, prior to the beginning of depositions on June 12, 2006, advises the court that it needs more time to effect clearances

2

and provides an estimate of such additional time, the court will postpone the depositions for the time estimated. Otherwise, the depositions shall begin as scheduled, and all persons identified on the lists served and filed by plaintiffs' and defendants' liaison counsel, who have not specifically been denied clearance by TSA, may attend and participate. None other may attend or participate.

2. Depositions, although scheduled pursuant to Rule 30(b)(6), Fed. R. Civ. P., shall be limited to matters about which the several witnesses have personal knowledge. Accordingly, preparation and testimony of witnesses as to documents, and production of documents used in preparation for depositions to the extent appropriate pursuant to Rule 612, Fed. R. Evid., shall be limited to those documents about which the witness has personal knowledge—for example, documents that the witness may have issued or prepared or reviewed.

3. Depositions shall, as a general matter, be limited to the four areas of inquiry initially identified by plaintiffs in their Rule 30(b)(6) notices: (1) "the warnings and information supplied to the U.S. carriers by the Federal Aviation Administration ("FAA") about the threat of hijackings, including terrorist hijackings, prior to 9/11"; (2) "all airport passenger screening procedures which were utilized, including checkpoint screening procedures prior to and after[1] 9/11"; (3) "the so-

---

[1] As will be discussed below, the areas of inquiry shall be limited to security procedures in effect around and before September 11, 2001.

3

called 'common strategy' in the event of a threatened hijacking"; and (4) "the identity of documents submitted to the TSA to determine whether they contain Sensitive Security Information."[2] (Transcript of March 3, 2006 Conference at 37-38. See also March 31 Opinion and Order at 8.)

4. Depositions shall be limited to queries and answers concerning security measures and procedures in effect around and before September 11, 2001. Plaintiffs' counsel should not proffer questions, and witnesses should not provide answers, containing reference to security procedures in effect currently or which were implemented in the aftermath of September 11, 2001.

5. In so limiting the depositions to information relevant to security procedures in effect around and before September 11, the potential security concerns posed by unauthorized disclosure of SSI are greatly diminished, if not entirely extinguished. The procedures in effect around and prior to September 11, have undergone various transformations in the five years since the tragic events of September 11 and have, in any event, been subject to prior public disclosure.[3]

---

[2] The fourth area of inquiry identified in plaintiffs' 30(b)(6) notices, namely the identity of documents submitted to TSA by defendants for determinations as to SSI, shall be deemed satisfied upon production to plaintiffs of a log listing all documents turned over to TSA for review.

[3] The security procedures in effect on September 11, 2001 are addressed in detail in The 9/11 Commission Report (the "Report"). See National Commission on Terrorist Attacks Upon the United States, The 9/11 Commission Report: Final Report of the National Commission on Terrorist Attacks Upon the United States at 1-4. Of particular relevance to the instant litigation, the Report provides detailed descriptions of the security procedures in effect at the various airports utilized by the September 11 hijackers and details how the security procedures were applied as to each individual hijacker. Thus, for example, the Report explains

4

Nevertheless, TSA asserts that it should have the right to raise objections during the course of depositions, and instruct witnesses not to answer, where the questions posed to witnesses, and the answers elicited therefrom, might implicate information relevant to the case but potentially or actually SSI. TSA's position encompasses information not previously designated as SSI as well as information already made public, both in the 9/11 Commission Report identified in the margin above, and in the public trial of Zacarias Moussaoui. TSA's position threatens to emasculate the depositions and interfere with the due process rights of litigants, and it is in this connection that I make the following rulings.

According to the applicable regulations, SSI is defined according to two criteria: (a) that which, if disclosed, would "[b]e detrimental to the security of transportation," and (b) TSA's final determination that information should be so characterized. 49 C.F.R. § 1520.5(a)(3). The regulations provide additionally sixteen categories of information that are presumptively deemed SSI absent TSA determination to the contrary.[4] See 49 C.F.R. § 1520.5(b). Clearly, TSA should have the right to instruct a witness not to answer a

---

that in passing through the security checkpoints at Logan International Airport in Boston, Massachusetts, "each of the hijackers would have been screened by a walk-through metal detector calibrated to detect items with at least the metal content of a .22-caliber handgun." The Report at 2. See also Rule 803(8), Fed. R. Evid. (providing for admission into evidence of the records, reports and statements of official agencies as an exception to the hearsay rule).

[4] Included in the sixteen enumerated categories are "aircraft operator, airport operator, or fixed base operator security program[s]," 49 C.F.R. § 1520.5(b)(1)(i), "[s]ecurity inspection or investigative information," 49 C.F.R. § 1520.5(b)(6), and "[s]ecurity training materials," 49 C.F.R. § 1520.5(b)(10), among others.

5

question that will elicit information which TSA previously determined was SSI or that fits within the specific categories set forth in 49 C.F.R. § 1520.5(b). TSA, however, takes a broader position, that any information which its counsel believe might implicate SSI may be the subject of their objections and instructions not to answer. (See TSA Letter of May 11, 2006 at 3.)

TSA's position will thwart the very purpose of conducting depositions, as witnesses, fearful that any answer provided might contain information subject to ultimate designation as SSI, would be unable to engage in the dynamic process of question and answer so essential to developing and defending a negligence action. It is my obligation to protect against such unwarranted interference with the litigation progress and to ensure that depositions proceed in an efficient and worthwhile manner. In the interest of protecting both the rights of litigants to a fair and prompt determination of their legal claims and the right of TSA to make final determinations as to SSI subject to review only by the Courts of Appeals, 49 U.S.C. § 46110, I direct that depositions proceed in the manner outlined below.

    a. TSA may attend and participate in the depositions for the purpose of raising and preserving objections to questions that potentially implicate the disclosure of SSI.

    b. In accordance with the applicable regulations, any objection may be accompanied by an instruction by TSA to the witness

6

   not to answer to the extent that TSA has previously made a final determination that disclosure of the information would "[b]e detrimental to the security of transportation," 49 C.F.R. § 1520.5(a)(3), or to the extent that the information is asserted as covered specifically by one or more of the categories enumerated in 49 C.F.R. § 1520.5(b).

   c. Absent such a clear designation that the testimony offered constitutes SSI, witnesses shall proceed to answer responsively to questions in the manner provided by Rule 30(c), Fed. R. Civ. P., with objections by TSA noted on the record and with the answers of the witness being subject to later ruling and final determination by TSA in accordance with the procedure noted below. See 49 C.F.R. § 1520.5. Pending such final determination by TSA, the attorneys in attendance at the depositions are ordered not to disclose any information obtained or received during the course of same to which TSA has made objection.

6. Depositions shall be recorded by a court stenographic reporter certified by this court who has been cleared by TSA. Further, as provided by my prior Opinion of March 31, the reporter shall transcribe only two copies of each deposition for production to counsel for TSA. Within 30 days of receipt, TSA shall identify on one copy of the transcript the portions of the transcript that contain SSI, as determined by TSA, and

7

shall redact the second copy of the transcript accordingly. The redacted copy of the transcript shall be furnished to the deponent for review and correction and/or signature pursuant to Rule 30(e), Fed. R. Civ. P, thereafter to be served and filed in the manner provided by Rule 30(f), Fed. R. Civ. P. The unredacted transcript, with SSI identified by marginal notations, shall be filed under seal with the District Court and shall be considered the final determination of TSA subject to appeal to the appropriate Court of Appeals. See 49 U.S.C. § 46110.

7. Questions or disputes as to any of the above matters, or in connection with the depositions thus regulated, shall be brought to me for prompt decision. The preferred mode of presenting such questions or disputes shall be pursuant to my Individual Rule 2E, thus allowing prompt rulings, in most instances, within 24 hours.

Further delay in these cases threatens the substantive rights of the litigants, and can no longer be tolerated. The litigants brought these claims pursuant to the rights afforded them by Congress by enactment of the Air Transportation Safety and System Stabilization Act, Pub. L. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. §§ 40101 note). It is not my role as District Judge to review TSA's determinations or internal procedures. It is my role, however, as the judge assigned to preside over this litigation, to regulate the proceedings of this litigation, and to protect the litigants' right to a fair and prompt determination of their legal claims. Thus, in the interest of justice, and in accordance with the procedures set forth above, depositions in the wrongful death and

personal injury cases consolidated under master docket 21 MC 97 are to begin June 12, 2006. As always, I remain available to provide any further rulings that may be required for the fair and efficient progress of the depositions.

    SO ORDERED.

Dated:    New York, New York
           May __, 2006

                                    ALVIN K. HELLERSTEIN
                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
:                                    **ORDER**
IN RE SEPTEMBER 11 LITIGATION  :
:                                    21 MC 97 (AKH)
:                                    21 MC 101 (AKH)
:
:
:
------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Pursuant to the deposition protocol set forth in my Memorandum and Order of May 16, 2006, counsel for defendants and plaintiffs in the wrongful death and personal injury cases were to submit to the Transportation Security Administration ("TSA") requests for additional clearances of attorneys necessary to the conduct of depositions slated to commence June 12, 2006 at 10:00 A.M. All such submissions were to be made to TSA by May 19, 2006. In order to ensure that the depositions are not subject to any further and unnecessary delay and to apprise the Court of the scope and status of such requests, counsel are directed to provide to the Court copies of the requests submitted to TSA no later than Thursday June 1, 2006 at 2:00 P.M.

        SO ORDERED.

Dated:     New York, New York
              May 30, 2006

                                          ALVIN K. HELLERSTEIN
                                        United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/30/06

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
                                                            :    **ORDER**
IN RE SEPTEMBER 11 LITIGATION                               :
                                                            :    21 MC 97 (AKH)
                                                            :    21 MC 101 (AKH)
                                                            :
------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      The Transportation Security Administration ("TSA") and this Court, having concerns about the number of attorneys for whom clearance has been requested pursuant to my Memorandum and Order of May 16, 2006, both as to the inevitable delay in the start of depositions because of the time needed by TSA to complete necessary clearance procedures, and as to the advisability of conducting depositions without compromising national security because of such a large numbers of attorneys participating, it is hereby:

      ORDERED that all parties show cause before me, on June 8, 2006 at 4:00 P.M., why the list of attorneys seeking to attend the depositions and receive clearance from TSA cannot be radically limited. The Court has these preliminary views:

      1.    All wrongful death and personal injury, and all property damage and business loss plaintiffs, and the Port Authority appear to have a common interest regarding the subjects of testimony to be elicited in the forthcoming round of depositions. If that is true, a small delegation can be appointed by all attorneys to represent the whole. Later proceedings can focus on the scope of their reporting obligations to all others in the classes they represent.

2. Defendants are likely to have divergent interests, but defendants can be divided into categories, and one attorney should suffice for each such category. As with plaintiffs, later proceedings can focus on the scope of reporting obligations.

SO ORDERED.

Dated:   New York, New York
         June 5, 2006

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge