# Exhibit 4

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>ZACARIAS MOUSSAOUI    )<br>    a/k/a "Shaqil,"   )<br>    a/k/a "Abu Khalid  )<br>            al Sahrawi," )<br>)<br>    Defendant.     ) | 1:01cr455 (LMB) |

ORDER

The Court is aware of numerous requests by representatives of the media for copies of the trial exhibits admitted into evidence, while the trial is in progress. That request cannot be granted for two reasons. First, the Court, and the parties, are seriously concerned about ensuring the integrity of the proceedings and avoiding any contamination of the jury. The practice in this court is not to publish to the jury the entire text of every exhibit at the time it is entered into evidence. Instead, the admitted exhibits are sent into the jury room when the jury begins its deliberations. If the exhibits are supplied to the media there will inevitably be publication of these exhibits and possible public comment about them. Such publication of the exhibits and comment on them before the jury begins its deliberations, if viewed by a juror, could improperly taint the jury, and at the very least would delay trial proceedings while the Court conducted extra voir dire of the jurors about such exposure. See, e.g. United States v. Hankish,

502 F.2d 71 (4th Cir. 1974) ("When highly prejudicial information may have been exposed to the jury, the court must ascertain the extent and effect of the infection, and thereafter, in its sound discretion, take appropriate measures to assure a fair trial"). See also Sheppard v. Maxwell, 384 U.S. 333 (1966)(granting writ of habeas corpus where trial court failed to temper publication of prejudicial information).

Second, as a practical matter the request cannot be granted. The Court is obligated to protect the integrity of the exhibits admitted into evidence. If control of the evidence is compromised, the potential for a mistrial increases. See e.g., United States v. Lentz, 383 F.3d 191 (4th Cir. 2004). Only a portion of the expected exhibits are in electronic format, the remaining exhibits will be presented in print or other non-electronic format. Moreover, some exhibits may be declassified only for the limited purpose of being discussed in court and shown to the jury without unrestricted public access. Because the courtroom deputy is the only person responsible for maintaining the admitted evidence, she will simply not have the time to segregate the evidence and make copies of the nonsensitive exhibits for the public while the trial is in progress. Given the volume and character of the anticipated evidence, the court staff, which must be able to concentrate on the trial, cannot take the time to make these documents

2

available.

Counsel for both sides agree with the Court's conclusion that access to the exhibits during the trial threatens their rights to due process. In addition, counsels' resources are also totally focused on conducting the trial. The burden of requiring them to provide an extra copy of all trial exhibits so that those exhibits could be available publicly would place an unreasonable burden on their limited resources and would not resolve the due process problem.

Accordingly, it is hereby

ORDERED that none of the exhibits entered into evidence will be made available for public review until the trial proceedings are completed, at which time requests for these materials will be considered.

The Court will not entertain any request for reconsideration of this decision.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 14th day of February, 2006.

/s/

_____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 01-455-A |
| ) | |
| ZACARIAS MOUSSAOUI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ALL PLAINTIFFS NAMED IN ) | |
| 21 MC 97, 21 MC 101, AND 03 CV ) | |
| 9849 ) | |
| ) | |
| Movants- ) | |
| Intervenors. ) | |

## MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF BEING HEARD IN CONNECTION WITH ACCESS TO CERTAIN PORTIONS OF THE RECORD AND MEMORANDUM IN SUPPORT

Come now the 9/11 families moving to Intervene ("Movants") and, for their motion for and, for their motion for leave to intervene in this proceeding for the limited purpose of being heard in connection with access to certain portions of the record, and for their memorandum in support thereof, respectfully state:

1. This is the penalty phase of a criminal prosecution instituted by the United States against an individual who has pleaded guilty to charges connecting him to the deaths of thousands of U.S. citizens in attacks against the Pentagon and New York City's World Trade Center on September 11, 2001. The government is seeking the penalty of death. The level of public interest in and concern with the substantial issues regarding national security and administration of justice presented by the case cannot be overstated.

2.   Movants-Intervenors are members of the public and individuals who were injured themselves or whose loved ones were killed and businesses and companies whose property was destroyed in the attacks on September 11, 2001.

3.   Intervention is the appropriate vehicle for members of the public, including the victims, to vindicate their access rights in the context of criminal proceedings. *See, e.g., In re Washington Post Co.*, 807 F.2d 383 (4th Cir. 1986); *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984). As the Supreme Court and the Court of Appeals both have emphasized, a news organization moving to intervene in these circumstances must be afforded a prompt and full hearing on such a motion. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (media and public "'must be given an opportunity to be heard" on questions relating to access) (citation omitted); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988) (same). Furthermore, the federal government has expressed a similar intent when it enacted the federal statute regarding Crime Victim's Rights, 18 U.S.C. § 3771, which provides in relevant part that crime victims have rights including, but not limited to, "the right to reasonable, accurate, and timely notice of any public court proceeding...involving the crime," 18 U.S.C. § 3771(a)(2); "the reasonable right to confer with the attorney for the Government in the case," 18 U.S.C. § 3771(a)(5); "the right to full and timely restitution as provided in law," 18 U.S.C. § 3771(a)(6); and *"the right to be treated with fairness and with respect for the victim's dignity and privacy."* 18 U.S.C. § 3771(a)(8) (emphasis added). These rights can be asserted by either the crime victim or the crime victim's legal representative "in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred." 18 U.S.C. § 3771(d)(1),(3).

2

4. Because the grounds for this motion to intervene are fully set forth herein, the Media Intervenors have not filed a separate memorandum.

WHEREFORE, the Movants-Intervenors respectfully request that the Court enter an order granting their motion for leave to intervene for the limited purpose stated herein.

Dated: March 30, 2006

Respectfully submitted,

By: /s/
David G. Barger, Esq. (VA Bar #21652)
**WILLIAMS MULLEN**
8270 Greensboro Drive, Suite 700
McLean, VA 22102

**MOTLEY RICE LLC**
Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael E. Elsner, Esq.
Robert T. Haefele, Esq.
Justin B. Kaplan, Esq.
John M. Eubanks, Esq.
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**LIAISON COUNSEL FOR PERSONAL INJURY PLAINTIFFS' EXECTUIVE COMMITTEE IN 21 MC 97**

By: Marc S. Moller, Esq.
**KREINDLER AND KREINDLER LLP**
100 Park Avenue
New York, NY 10017

**LIAISON COUNSEL FOR PROPERTY DAMAGE PLAINTIFFS' EXECTUIVE COMMITTEE IN 21 MC 101**

3

By: Robert A. Clifford, Esq.
**CLIFFORD LAW OFFICES**
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602

By: Richard A. Williamson, Esq.
**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
One Liberty Plaza
New York, New York 10006

Counsel for Cross-Claim Plaintiffs
World Trade Center Properties LLC
1 World Trade Center LLC
2 World Trade Center LLC
4 World Trade Center LLC
5 World Trade Center LLC
7 World Trade Company, L.P.

**ATTORNEYS FOR MOVANTS-INTERVENORS**

4

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of March 2006, I caused true and correct copies of the foregoing Motion to Intervene to be served by the means indicated, upon counsel for the parties as follows :

**By Federal Express**
Gerald T. Zerkin, Esq.
Kenneth P. Troccoli, Esq.
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

**By Federal Express**
Edward B. MacMahon, Jr., Esq.
107 East Washington Street
Middleburg, Virginia 20117

**By Federal Express**
Robert A. Spencer, Esq.
David Novak, Esq.
David Raskin, Esq.
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314-5794

**By Federal Express**
Alan H. Yamamoto, Esq.
643 South Washington Street
Alexandria, Virginia 22314

/s/
David G. Barger, Esq.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)<br>ZACARIAS MOUSAOUI,   )<br>)<br>Defendant,   )<br>)<br>ALL PLAINTIFFS NAMED IN   )<br>21 MC 97, 21 MC 101, AND 03 CV )<br>9849   ) | No. 1:01cr455 |

ORDER

For the reasons stated in open court, it is hereby

ORDERED that the movants-intervenors' Motion to Intervene for the Limited Purpose of Being Heard in Connection With Access to Certain Portions of the Record (Docket #1726) be and is GRANTED; and it is further

ORDERED that the movants-intervenors' Motion for Access to Certain Portions of the Record (Docket #1728) be and is GRANTED IN PART. As to the request for immediate and identical access to all evidence ordered to be released to the media-intervenors pursuant to the Fourth Circuit's Order dated March 23, 2006, the request is moot. This evidence is already publicly available pursuant to the Court's Order of March 25, 2006 (Docket #1700), and the government has agreed to assist the movants-intervenors in obtaining immediate access to this information.

As to the request for access, at the conclusion of the

trial, to all evidence presented to the jury for its consideration, the government will be required to provide such access.

Lastly, as to evidence produced to defense counsel during discovery but not admitted into evidence, the government must provide access once the criminal trial is completed. Such access shall be limited to non-classified and non-SSI evidence. Moreover, the movants-intervenors must provide the government with specific categories of evidence sought by no later than the close-of-business Friday, April 14, 2006. Finally, the cost of production, by whatever mechanism is worked out by the parties or the Court, will be born by the movants-intervenors.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 7th day of April, 2006.

/s/
_____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) No. 1:01cr455 |
| ZACARIAS MOUSAOUI, | ) |
| Defendant, | ) |
| ALL PLAINTIFFS NAMED IN 21 MC 97, 21 MC 101, AND 03 CV 9849 | ) |

ORDER

For the reasons stated in open court, it is hereby

ORDERED that the government's Motion for Reconsideration (Docket #1816) be and is DENIED; and it is further

ORDERED that the relevance of any particular discovery request made by the intervenors to the government pursuant to this Order must be determined by the district judge presiding over the civil litigation out of which the discovery request arises; and it is further

ORDERED that to facilitate prompt discovery, the presiding judge in the particular civil litigation may modify this Court's protective orders to allow for disclosure to additional qualified attorneys.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 19th day of May, 2006.

/s/
_____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) No. 1:01cr455 |
| ZACARIAS MOUSAOUI, | ) |
| Defendant, | ) |
| ALL PLAINTIFFS NAMED IN 21 MC 97, 21 MC 101, AND 03 CV 9849 | ) |

ORDER

For the reasons stated in open court, it is hereby

ORDERED that the government's Motion for Reconsideration (Docket #1816) be and is DENIED; and it is further

ORDERED that the relevance of any particular discovery request made by the intervenors to the government pursuant to this Order must be determined by the district judge presiding over the civil litigation out of which the discovery request arises; and it is further

ORDERED that to facilitate prompt discovery, the presiding judge in the particular civil litigation may modify this Court's protective orders to allow for disclosure to additional qualified attorneys.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 19th day of May, 2006.

/s/

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia