# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA KOUNTY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| CARLA J. MARTIN, Individually, | ) | Master Case No.:   1:06 CV 00606-RWR |
| Defendant | ) | |
| _____ | ) | |

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| EILEEN BERTORELLI-ZANGRILLO, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CARLA J. MARTIN, Individually, | ) |
| Defendant | ) |
| _____ | ) |

| | |
|---|---|
| STEPHEN HOLLAND, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CARLA J. MARTIN, Individually, | ) |
| Defendant | ) |
| _____ | ) |

| | |
|---|---|
| RUTH K. FALKENBURG, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CARLA J. MARTIN, Individually, | ) |
| Defendant | ) |
| _____ | ) |

| | |
|---|---|
| MARY BAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CARLA J. MARTIN, Individually, | ) |
| Defendant | ) |
| _____ | ) |

ELIZABETH GAIL HAYDEN, )
    Plaintiff, )
  vs. )
    )
CARLA J. MARTIN, Individually, )
    Defendant )
_____)


MICHAEL KEATING, )
    Plaintiff, )
  vs. )
    )
CARLA J. MARTIN, Individually, )
    Defendant )
_____)


## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

   The above captioned Plaintiffs, by undersigned counsel, provide this Response to Carla J.

Martin's (hereinafter Defendant) Motion to Dismiss, and respectfully request this honorable

Court deny Defendant's Motion to Dismiss for the reasons set forth in the accompanying

memorandum.


           Respectfully Submitted
           /s/ Mary Schiavo_____
           DC Bar No. 440175
           Motley Rice LLC
           28 Bridgeside Blvd
           P.O Box 1792
           Mt. Pleasant, SC 29465
           (843) 216-9000

## MEMORANDUM OF LAW

In filing these actions, Plaintiffs have adequately and successfully stated their claim to relief from Defendant's unreasonable and unconstitutional conduct, resulting in the denial of Plaintiffs well established right of access to the courts.  Though Defendant politely refers to her egregious conduct as a "controversy that occurred in a criminal trial," what actually occurred was a pattern of misconduct so severe as to require Judge Leonie Brinkema to exclude testimony on aviation security in the USA v. Moussaoui trial ("Moussaoui trial"). Judge Brinkema herself accused Martin of misconduct and said she told lawyers "a bald-faced lie" about some witnesses' unwillingness to talk to Moussaoui's defense team.[1]

Though Judge Brinkema did, as Defendant noted, order that the Government produce documents that the victims requested in the Moussaoui trial, the Government immediately filed it's Motion for Reconsideration (attached hereto as Exhibit A), which was summarily denied, and subsequently filed an appeal of Judge Brinkema's April 7th Order in the Fourth Circuit Court of Appeals (attached hereto as Exhibit B).  The Government's appeal is still pending; far from seeking a second and third bite at the apple, the very orders Defendant wishes to have judicially noticed demonstrate that Plaintiffs are still lacking the critical evidence that Defendant colluded and conspired to have concealed from Plaintiffs, frustrating their underlying wrongful death claims and violating their Constitutional rights.   Ultimately, the Defendant has fallen far short of the required burden for a 12(b)(6) motion to dismiss; Plaintiffs have clearly alleged facts sufficient to put Defendant on notice of the claims asserted against her, and this honorable Court should deny Defendant's motion and permit

---

[1] http://www.cnn.com/2006/LAW/03/16/carla.martin/index.html

## FACTUAL STATEMENT

Plaintiffs filed seven complaints individually as follows: *Koutny v. Martin*, No. 1:06CV598; *Holland v. Martin*, No. 1:06 CV606; *Falkenberg v. Martin*, No. 1:06CV758; *Bertorelli-Zangrillo*, v. Martin No.1:06CV757; *Bavis v. Martin*, No. 1:06CV812; *Hayden v. Martin*, No. 1:06CV811; and *Keating v. Martin*, No.1:06CV813.  By Order of this court, dated July, 28 2006, these seven cases were consolidated and all future filings with this court shall be filed under *Koutny v. Martin*, No. 1:06CV598.

Plaintiffs, now consolidated under *Koutny*,  brought this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiffs are seeking to recover damages from Defendant, Carla J. Martin, individually, for Constitutional violations she committed against Plaintiffs and the damages caused by her egregious actions, which have notably been recognized by a federal judge.

As previously stated in Plaintiffs complaint, the Defendant engaged in actions which clearly violated the Plaintiffs' constitutional rights by frustrating the underlying wrongful death litigation and harming or depriving Plaintiffs of their right to a full and/or fair trial (Complaint at ¶ 30 a-n).  These actions, which interfered with and denied the Plaintiff access to evidence, have deprived the Plaintiff access to evidence that he is entitled to under the First Amendment of the U.S. Constitution through implication of the right to access.  Because the Defendant tainted witnesses and obstructed justice in the underlying cause of action, several witnesses were excluded from testifying.  This exclusion harmed the Plaintiff causing damages by depriving Plaintiff of the benefit of additional information which he would have had access too had the Defendant not engaged in such unethical behavior.

Given that the testimony is forever excluded, Plaintiff has no alternative other remedy at law other than the assertion of this *Bivens* action. Furthermore, the court in the underlying case, the United States District Court in the Southern District of New York, ruled that a *Bivens* action is beyond the scope of its powers and jurisdiction, therefore it has no power to redress such a claim leaving this court Plaintiff's only viable forum.

## ARGUMENT

### A.    Defendant's Request for Judicial Notice of Judicial Records in Other Districts

Plaintiffs do not oppose Defendant's Request for Judicial Notice of Judicial Records in Other Districts. However, Plaintiffs request that if the Court wishes to do so, that it also take judicial notice of the Government's Appeal from the United States District Court for the Eastern District of Virginia, filed in the Fourth Circuit Court of Appeals ("Appeal"). As Defendant noted, "it is recognized that a federal district court may take judicial notice of judicial proceedings in a different federal court." *Wells v. U.S.*, 318 U.S. 257, 260 (1943).

On April 7, 2006 the United States District Court for the Eastern District of Virginia, Alexandria Division, granted Movants-Intervenors access to non-classified, non-Sensitive Security Information (SSI) documents produced to Defendants counsel in the criminal trial of *U.S. v. Moussaoui*, pursuant to protective orders. In accordance with this Order, Intervenors submitted their "Victims Intervenor's Proposed protocol and Categories of Evidence Sought from the United States Government." (Categories of Evidence) These documents included, but are not limited to the following, documents concerning CAPPS, the Checkpoint Operations Guide, the Air Carrier Standard Security Plan (ACSSP), information concerning pre-boarding screening procedures, cockpit doors, weapons detection, calibration of magnetometers, all audits, investigations, studies and reports concerning aviation security, copies of all Security Directives,

Information Circulars, Civil Aviation Security Intelligence Published Assessments, all documents concerning security level alerts and how airlines were informed of such alerts and notes of all meetings or interviews conducted with any current or former employee of any of the airlines, security screening companies and airport operators or their lawyers.

Defendant blatantly mischaracterizes the status of the Plaintiffs attempt to secure access to the aforementioned documents on the 10th page of its Motion to Dismiss, by ignoring the Government's Appeal of Judge Brinkema's April 7th Order.  By submitting its Motion for Reconsideration and its Appeal, the government has failed to comply with the April 7, 2006 Order and has refused to produce any of the documents requested through the Categories of Evidence.  Consequently, Plaintiffs are still precluded from accessing these critical documents, and this action is the only means of legal redress Plaintiffs have at their disposal.

**B.    Plaintiffs Have Standing To Bring This Action**

Plaintiffs have standing to bring this suit.  As noted in *Warth v. Seldin*, 422 U.S. 490, 498 (1975), "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Defendant erroneously asserts that Plaintiffs lack standing

> [B]ecause they do not allege any personal injury in fact, second because their claims of harm are consequently neither concrete, nor particularized, nor actual, nor imminent, third because they fail even to identify a constitutional right the violation of which could cause any compensable injury, and fourth because they have had and retain ready acces to whatever relief they may be entitled in two other federal courts.

See Defendant's Motion to Dismiss, page 11.  Plaintiffs' complaint is sufficiently well pled as to assert an injury in fact that is concrete, imminent, and redressable.  The Defendant's interference with and deprivation of evidence in support of Plaintiffs' underlying wrongful death cases, her interference with the administration and the progress of the civil case, and her tampering with

evidence in the form of influencing and tainting the testimony of potential witnesses are merely some of the concrete allegations Plaintiffs have set forth in their Complaint.

As this Court is well aware, on a motion to dismiss, "the factual allegations of the complaint must be taken as true, and *any* ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. *Doe v. United States Dept. of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985). See also *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The standard to be applied in reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well established. The court must accept all of the factual allegations in the complaint as true and liberally construe them in the light most favorable to the plaintiff.)*; Kowal v. MCI Communications Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Hosey v. Jacobik*, 966 F. Supp. 12, 13 (D.D.C. 1997). In addition, the plaintiff must be granted every favorable inference that can be derived from the facts alleged. *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996); *Kowal*, 16 F.3d at 1276; *Wiggins v. Hitchens*, 853 F. Supp. 505, 508 n.1 (D.D.C. 1994).

A complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Modderno v. King*, 82 F.3d 1059, 1063 (D.C. Cir. 1996). As the U.S. Supreme Court clearly stated:

> When a federal court reviews the sufficiency of a complaint . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. . . . 'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

*Scheuer*, 416 U.S. at 236 (quoting Conley, 355 U.S. at 45-46 (emphasis added)). *Accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), quoted in H. *J. Inc. v. Northwestern Bell Tel. Co*.,

492 U.S. 229, 249-250 (1989); *Modderno*, 82 F.3d at 1063; *Kowal*, 16 F.3d at 1276.

Furthermore, Defendant misrepresents crucial facts to the Court on page 12 of its Motion to

Dismiss; as previously stated, Judge Brinkema's order has yet to be enforced due to the

Government's pending appeal. The materials sought by Plaintiffs in *USA v. Moussaoui*, in

addition to the materials sought in the proceedings before Judge Hellerstein, have not been

produced as of the date of this filing. Plaintiffs are still without the critical evidence they require

to vindicate their constitutionally protected right to access the United States justice system.

      **1.**      **Plaintiffs' *Bivens* Claims State a Claim on which Relief Can Be Granted**

Based on the claims asserted in Plaintiffs' complaint, it is clear that Plaintiffs have

sufficiently pled the allegations required to state a claim for relief which can be granted in this

case. It is imperative for Plaintiffs to restate that notice pleading is all that is required, and that

Defendants concede Plaintiffs have asserted how Defendant interfered with and obstructed the

progress of Plaintiffs' underlying wrongful death claims in myriad ways, thus violating their

constitutional right to access to the courts. The Supreme Court held long ago that the right of

access to the courts is a fundamental right protected by the Constitution. *See Chambers v.*

*Baltimore & Ohio R.R. Co.,* 207 U.S. 142 (1907); *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th

Cir.1998) (following the Sixth Circuit and stating that "the Constitution guarantees plaintiffs the

right of meaningful access to the courts, the denial of which is established where a party engages

in pre-filing actions which effectively cover-up evidence and actually render any state court

remedies ineffective"). Constitutional bases for right of access to courts are inherent in the

fourth article of the Constitution, First Amendment, due process clause. 42 U.S.C.A. § 1983;

U.S.C.A. Const.Amends. 1, 5, 14; Art. 4, § 2, cl. 1. In *California Motor Transport Co. v.*

*Trucking Unlimited,* 404 U.S. 508 (1972), the Supreme Court found in the first amendment a

constitutional basis for this right of access. This inherent right of access to the courts, upon

which *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) was premised, has

also been found to exist in the Due Process Clause and "assures that no person will be denied the

opportunity to present to the judiciary allegations concerning violations of fundamental

constitutional rights." *Ryland v. Shapiro* 708 F.2d 967 (C.A.La., 1983).

It is also well established that "mere formal right of access to the courts does not pass

constitutional muster, but, rather, access must be adequate, effective and meaningful." *Bounds v.

Smith,* 430 U.S. 817 (1977); *see also Rudolph v. Locke,* 594 F.2d 1076, 1078 (5th Cir. 1979).

Courts have found that the constitutional right of access to courts may be violated where "efforts

by state actors to impede an individual's access to courts. *Vasquez v. Hernandez,* 60 F.3d 325,

328 (7th Cir.1995) ("[E]fforts by 42 U.S.C. § 1983.").   As the Fifth Circuit noted in *Crowder v.

Sinyard,* 884 F.2d 804, 812 (5th Cir.1989), "if state officials wrongfully and intentionally

conceal information crucial to a person's ability to obtain redress through the courts, and do so

for the purpose of frustrating that right, and that concealment and the delay engendered by it

substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled,

they may have committed a constitutional violation."

Where "agents of the state intentionally engaged in conduct that interfered with [the]

exercise of [the] constitutionally protected right to institute a wrongful death suit," courts have

found that a plaintiff's constitutional rights have been violated. *Ryland v. Shapiro*, 708 F.2d 967,

972 (C.A.La., 1983).  Though Government officials are "not under any duty to volunteer to

[plaintiff] information that would alert it to the existence of a claim against the federal

government and certain of its officials for ... wrongful death," "[o]n the other hand ... were not

free to arbitrarily interfere with [plaintiff's] vindication of its claims." *Barrett v. United States,*

798 F.2d 565, 575 (2d Cir.1986). This Court has echoed these principles in *Mazloum v. District of Columbia*, 442 F.Supp.2d 1 (D.D.C., 2006), holding that if a party engages in actions that effectively cover-up evidence ... they have violated his right of access to the courts. (*Id.*, *quoting Swekel v. City of River Rouge,* 119 F.3d 1259, 1262 (6th Cir.1997)

When the facts as alleged are taken as true, Plaintiffs have clearly met the required pleading standard of *Bivens* actions. As the Supreme Court noted in *Harlow v. Fitzgerald*, 457 US 800 (1982), the plaintiff in a Bivens action must, in addition to the general notice pleading required by the Federal Rules, also (1) identify a specific statutory or constitutional right that was allegedly violated, and (2) allege that a reasonable person would have known of that right. *Id.* Plaintiffs met this standard by asserting that the Defendant engaged in the following activities (among others), which denied them access to the courts by frustrating the underlying wrongful death litigation and harming their constitutionally protected rights to a full and fair trial. In their Complaint, Plaintiffs asserted

- Defendant interfered with and deprived plaintiffs of evidence in support of his underlying wrongful death case; (Complaint at ¶30(a))
- Defendant interfered in the administration and progress of the civil case; (Complaint at ¶30(b))
- Defendant destroyed, tampered with, hid, tainted, obfuscated, made unavailable, removed, reshaped, or sought to influence evidence in the case and testimony of potential witnesses; (Complaint at ¶30(c))
- Defendant deprived plaintiffs or caused plaintiffs to be deprived of evidence independently obtained by their counsel; (Complaint at ¶30(e))
- Defendant sought to prevent plaintiffs from engaging in discovery in their underlying civil cases; (Complaint at ¶30(f))
- Defendant interfered with plaintiffs' rights to a trial, and to their rights to seek redress in court; (Complaint at ¶30(g))

These allegations, when read in the light most favorable to the Plaintiffs, plead with sufficient specificity that Plaintiffs were denied their constitutional right to access to the court, thus satisfying the first prong of the required pleading standard for *Bivens* actions. In satisfaction of

the second prong of the Bivens pleading standard, Plaintiffs asserted "Defendant's actions were "contrary to clearly established Constitutional norms that a reasonable official would understand." See Complaint at ¶21.

### 2.    Defendant Carla Martin is Not Entitled To Qualified Immunity

As Plaintiffs have met the stated requirements for a *Bivens* claim, Defendant is not entitled to qualified immunity to protect her from this lawsuit.  The threshold question in a qualified immunity inquiry is, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001). If a violation could be found on a favorable view of the plaintiff's facts, the court then considers "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Judicial Watch, Inc. v. Rossotti*, 217 F.Supp.2d 618 (D. Md., 2002).  Plaintiffs have established that the allegations contained in their Complaint demonstrate a violation of the constitutional right to access to the courts, and as such, Defendant is not entitled to qualified immunity from this lawsuit.

**<u>CONCLUSION</u>**

Defendants have failed to meet their burden of illustrating how Plaintiffs can prove no set of facts in support of their claims that entitle them to relief.  For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss.

Pursuant to Local Rule 7(c), a proposed order is attached.

DATED this 24th day of October, 2006.

Respecfully Submitted,

/s/ <u>Mary Schiavo</u>
DC Bar No. 440175
Motley Rice LLC
28 Bridgeside Blvd
P.O Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000