IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA KOUTNY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLA J. MARTIN, )<br>)<br>Defendant. )<br>_____) | Master Case No.: 1:06CV00598-RWR |

THIS DOCUMENT RELATES TO:

EILEEN BERTORELLI-ZANGRILLO,    )
                                )
        Plaintiff,               )
                                )
v.                              )
                                )
CARLA J. MARTIN,                )
                                )
        Defendant.               )
_____)
STEPHEN HOLLAND,                )
                                )
        Plaintiff,               )
                                )
v.                              )
                                )
CARLA J. MARTIN,                )
                                )
        Defendant.               )
_____)
RUTH FALKENBERG,                )
                                )
        Plaintiff,               )
                                )
v.                              )
                                )
CARLA J. MARTIN,                )

|                              |   |
|------------------------------|---|
| Defendant.                   | ) |
|                              | ) |
| MARY BAVIS,                  | ) |
|                              | ) |
| Plaintiff,                   | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| CARLA J. MARTIN,             | ) |
|                              | ) |
| Defendant.                   | ) |
|                              | ) |
| ELIZABETH GAIL HAYDEN,       | ) |
|                              | ) |
| Plaintiff,                   | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| CARLA J. MARTIN,             | ) |
|                              | ) |
| Defendant.                   | ) |
|                              | ) |
| MICHAEL KEATING,             | ) |
|                              | ) |
| Plaintiff,                   | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| CARLA J. MARTIN,             | ) |
|                              | ) |
| Defendant.                   | ) |

# DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS

Defendant Carla J. Martin, by undersigned counsel, submits this Reply Memorandum in support of her Motion to Dismiss Plaintiffs' Complaints in these consolidated actions.

## SUMMARY

As we have shown in our Motion to Dismiss, Plaintiffs' Complaints state neither a basis for standing to sue nor a claim upon which relief can be granted. Indeed, Plaintiffs add proof of their lack of standing by reference to the pending appeal of Judge Brinkema's rulings – further confirming they have other remedies at issue in other courts.

Plaintiffs' Opposition consists of repetition of their bare conclusions of law and attempts to circumvent the applicable pleading standards. Neither can cure the glaring defects of their pleadings.

### A.   Plaintiffs Lack Standing

As we have shown, Plaintiffs do not enjoy a presumption of standing to sue. *Felter v. Norton*, 412 F. Supp. 2d 118 (D.D.C. 2006). In order to establish standing they must allege: 1) that they have suffered an injury in fact that is concrete and particularized; 2) that the injury is traceable to the challenged action of the defendant; and 3) that it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167,180-81 (2000), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Rather than addressing the requirements of standing, Plaintiffs rely on the standard applicable to motions made under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As the D.C. Circuit has held, a different and more rigorous standard applies to motions to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *Fowler v. District*

*of Columbia*, 122 F. Supp. 2d 37. 40 (D.D.C. 2000)("[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than on a 12(b)(6) motion for failure to state a claim"). When challenged, a plaintiff's "jurisdictional averments are entitled to no presumptive weight." *Erby v. U.S.*, 424 F.Supp. 2d 180, 183 (D.D.C. 2006), quoting *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

As we have shown in our Motion to Dismiss, the records of the Moussaoui Trial and the SDNY 9/11 Litigation demonstrate that Plaintiffs have judicial remedies in at least two other courts for the injuries they claim to have suffered. To the materials for which we have requested judicial notice, Plaintiffs have added evidence of another remedy in the Government's notice of appeal of Judge Brinkema's rulings.[1] While further demonstration of their lack of standing was hardly necessary, this additional material is emphatic confirmation.

Plaintiffs respond by attempting to add an allegation that the preclusion of certain witness testimony in the Moussaoui Trail harmed them by "depriving them of information which they would have been entitled to have access to had the Defendant not engaged in such unethical behavior." (Opposition at 4). As a matter of established federal pleading law, this attempted amendment cannot save Plaintiffs' Complaints. They "may not amend their complaint through their opposition papers." *Woodruff v. United States DOT*, 2006 U.S. Dist. LEXIS 58149, *13 n.4 (D.D.C 2006); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 100 (D.D.C. 2005).

Yet, even if Plaintiffs' pleading could be amended by their Opposition, their new declaration gets them no closer to standing; for the alleged loss of witnesses in the Moussaoui

---

[1] In their Opposition, Plaintiffs request judicial notice be taken of the Government's appeal to the Fourth Circuit of Judge Brinkema's April 7th Order mandating production of all non-SSI material produced to Moussaoui's legal team but not entered into evidence. Plaintiffs' Opposition indicates that they attached the notice of appeal as Exhibit B to the Opposition. However, Exhibit B is identical to Exhibit A, which consists of the Government's motion for reconsideration of Judge Brinkema's April 7th Order. Defendant does not object to Plaintiffs' request that judicial notice be taken of the Government's pending appeal and attaches the notice of the appeal as Exhibit A hereto for clarification.

Trial implicates no interest they may hold. There is no allegation – nor could there be – that they had any rights to call witnesses or elicit testimony in that criminal proceeding. Equally important, Plaintiffs plainly knew the identities of the excluded witnesses and remain free to take discovery from them in the SDNY 9/11 Litigation. Indeed, Plaintiffs could have done so long before the Moussaoui Trial.

Moreover, even if the hypothetical injuries identified by Plaintiffs could be characterized as concrete, and even if this Court could provide the remedies they seek, neither their Complaints nor their Opposition connects those injuries to any action of the Defendant. As they acknowledge, it is the Government, not Defendant, that is withholding the documents requested by Plaintiffs during the Moussaoui Trial. (Opposition at 3).

**B.    Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted**

Plaintiffs' Opposition to Defendant's Rule 12(b)(6) motion is equally baseless.

Plaintiffs concede that "in a *Bivens* action, [they] must, in addition to the general notice pleading required by the federal rules, also 1) identify a specific statutory or constitutional right that was allegedly violated and 2) allege that a reasonable person would have known of that right." (Opposition at 10). They then assert, without citation, that Defendant has conceded that she "interfered with and obstructed the process of Plaintiffs' underlying wrongful death claims in myriad ways." (Opposition at 8). To the contrary, no such concession appears in our motion; nor do the Plaintiffs allege it in their Complaints. As this allegation is neither true nor included in Plaintiffs' pleading, it cannot satisfy any required element for stating a claim.

Plaintiffs also contend that they have satisfied the requirement to identify a statutory or constitutional provision by alleging that Defendant's actions "denied the access to the courts by frustrating the underlying wrongful death litigation and harming their constitutionally protected

5

rights to a full and fair trial." (Opposition at 8). This allegation obviously fails to specify any statutory or constitutional provision; indeed, there is no such specification anywhere in the Complaints.

Evidently aware that their pleading is facially deficient, Plaintiffs attempt to provide the required specification by citing the First Amendment in their Opposition. As we have shown, Plaintiffs cannot cure their defective pleading by submissions in their motion papers.[2] Moreover, even if such an amendment were allowed, Plaintiffs' allegations of denied access and unavailable remedies are conclusively refuted by the docket sheets and orders issued in the Moussaoui Trial and in the SDNY 9/11 Litigation. Plaintiffs cannot now dispute that, contrary to their fundamental complaint, they have "adequate, effective, and meaningful" access to the courts and continue to avail themselves of such access. *See Bounds v. Smith*, 430 U.S. 817 (1977). In an analogous case, the United States Supreme Court rejected an access to the court claim, agreeing with the district judge's characterization of the complaint's various requests for relief as "nearly unintelligible." *Christopher v. Harbury*, 536 U.S. 403, 418 (2002). As in *Harburry*, the inadequacies of the Complaints force Defendant and this Court at best to guess at how Plaintiffs' SDNY litigation has been impacted and what additional remedy Plaintiffs could achieve in this forum.

In *Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995), cited by Plaintiffs, the Seventh Circuit held that plaintiffs must allege either that they have "been prevented from pursuing a tort action in state court or that the value of such an action has been reduced by the cover-up." The records of the Moussaoui Trial and the SDNY 9/11 Litigation establish that Plaintiffs cannot truthfully make such a claim.

---

[2] As the D.C. Circuit has held, a plaintiff who seeks the option of amending its complaint in response to a motion to dismiss must submit a proposed amendment with its opposition. *Kowal v. MCI Communicaitons Corp.*, 16 F.3d 1271, 1279-80 (D.C. Cir. 1993). Plaintiffs have failed to do this.

Plaintiffs argue that their Complaints satisfied the second element of the *Bivens* pleading requirements by asserting "Defendant's actions were contrary to clearly established Constitutional norms that a reasonable official would understand." (Opposition at 11). This is, of course, a mere legal conclusion that cannot satisfy the basic pleading requirement to allege sufficient facts. *M.K. et al. v. Tenet*, 99 F. Supp. 2d 12, 17 (D.D.C. 2000) ("Bare conclusions of law and sweeping, unwarranted averments of fact" must be disregarded). Even if Plaintiffs' statement were a sufficient allegation, there is nothing in their Complaints that states how the Defendant could reasonably have known that Plaintiffs had any statutory or constitutional right of access to materials in a criminal case in the Eastern District of Virginia for use in a civil case in the Southern District of New York.

## C.   Defendant is Entitled to Qualified Immunity

As the Plaintiffs have patently failed to meet the applicable pleading requirements, Defendant is entitled to immunity from their suits.

## CONCLUSION

Plaintiffs' filing and pursuit of their Complaints are a patent abuse of the jurisdiction and process of this Court. Their Complaints should be dismissed with prejudice; and the Court should impose sanctions for that abuse and award compensation to the Defendant for the expense and burden of moving to dismiss.

DATED this 2nd day of November, 2006.

                                                      Respectfully submitted,

                                                      /s/ Stuart F. Pierson.
                                                  Stuart F. Pierson (DC Bar No. 56820)
                                                  TROUTMAN SANDERS LLP
                                                  401 9th Street, N.W., Suite 1000
                                                  Washington, DC 20004-2134
                                                  Tel: (202) 274-2950
                                                  Fax: (202) 654-5665
                                                  stuart.pierson@troutmansanders.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that on this 2nd day of November 2006, a copy of the above and foregoing Reply in Support of the Motion to Dismiss was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

                                                 /s/ Allison Rule
                                                 Allison Rule